WILLIAM O'NEIL v. THE VILLAGE OF WEST BRANCH.

*Municipal corporations—Defective sidewalks—Notice—Evidence.*

1. In a suit for injuries sustained by reason of a defective side-
   walk, evidence of other defects of long standing, and in close
   proximity to the defect which caused the injury complained
   of, is admissible as tending to show notice to the corporate
   authorities of the defective condition of the walk, and of the
   *particular* defect which caused the injury.[1]

2. Act No. 264, Laws of 1887, making villages liable for injuries
   caused by defective sidewalks, does not require that such
   walks should be wholly within the line of the street.

3. If a village causes a sidewalk to be built, or assumes control of
   it, it is its duty to keep it in repair, whether the particular
   place where the injury occurs is wholly within the line of the
   public street or not.[2]

Error to Ogemaw. (Simpson, J.) Argued June 5,
1890. Decided June 27, 1890.

Case. Defendant brings error. Affirmed. The facts
are stated in the opinion.

*F. L. Snodgrass,* for appellant.

*Markey & Hall,* for plaintiff.

CHAMPLIN, C. J. On April 23, 1889, as plaintiff was
going from his home, in the village of West Branch, to
his blacksmith shop, about 1 o'clock in the afternoon,
and as he was passing along upon the sidewalk on the
east side of First street, in company with his son, at a
point about 90 feet south from the corner of the inter-
section of First street with the Tawas & Manistee State

---
[1] See *Campbell v. City of Kalamazoo,* 80 Mich. 655, for a case
sustaining this doctrine.
[2] See *Fletcher v. Scotten,* 74 Mich. 212.

Road, he was tripped by a loose board in the sidewalk, and thrown violently down, injuring his left side, limb, and head. He presented a claim against the village council for his damages caused by said injury, and they refused to compensate him, upon which he brought suit against the village, and obtained a verdict of $200, upon which judgment was duly entered; and the defendant brings the case to this Court by writ of error.

The village of West Branch was incorporated under the general law relating to the incorporation of villages on January 31, 1885; and on May 17, 1886, certain citizens, among whom was Hyman Allen, petitioned the common council to order a sidewalk built "to continue the walk on the east side of First street to the Manistee & Tawas State Road," etc., and a resolution was duly adopted by the council ordering said walk built. At the time this resolution was adopted, a walk had been constructed on the east side of First street, from the corner of First and Washington streets, about half the way to the State road aforesaid, or to a point 60 or 70 feet north of the south corner of Charles Woods' place, as laid down upon an exhibit which forms a part of the record. The defendant put the following special questions to the jury, upon which were returned answers as follows:

"*Q.* Do you find that any owner of the Allen lot ever intended, by any act that he did, to part with more than the usual two-rod strip for street purposes?

"*A.* No.

"*Q.* Do you find that the council of the village ever did any act showing a clear intention to accept for street purposes any more than a strip two rods wide east of the center line of the street?

"*A.* No.

"*Q.* Do you find that the quarter line of section nineteen lies within the boundaries of First street?

"*A.* No.

" *Q.* Do you find that the place where the injury was received was upon any public street?

" *A.* Yes.

"*Q.* Do you find that the council had reasonable time and opportunity, after notice of the particular loose board that caused the tripping, to make an effort to get the owner to repair the defect, and, after failure, to repair it themselves?

"*A.* Yes."

Maps of a portion of the village of West Branch were introduced in evidence, and considerable testimony was placed before the jury with reference to the location of First street; and it was a disputed point whether or not the sidewalk in question was within the boundary of any particular street. It is not necessary to review such question, as it was one of fact, and has been found by the jury adversely to the defendant.

Error is assigned upon rulings of the court in admitting testimony tending to show other defects in the walk in the immediate vicinity of the defect which caused the injury. We have held that evidence of other defects of long standing, existing in close proximity to the defect which causes the injury, is admissible as tending to show notice to the corporate authorities of the defective condition of the walk, and as having some tendency to show notice of the existence of the particular defect complained of. Upon this subject the court stated to counsel that he should—

" Hold that the parties should confine their evidence to this spot where the injury was received, and the vicinity close by. I shall not allow them to go from that spot, over a spot that was not defective, to another spot within the interval of sound walk."

This was as favorable to the defendant as it was entitled to, under the previous rulings of this Court.

Error is also assigned upon the following statement of the court during the progress of the trial, viz.:

"I am going to leave the matter to the jury in this shape: That if they find that the village assumed control over this sidewalk, from the evidence, and consider it as a sidewalk; that the village had charge of and had taken care of it, and assumed control of it,—that by doing that they are liable, if they did not keep it in shape, as the statute requires, if any damages resulted. This is what I am going to submit to the jury, and you can get your evidence accordingly; for, if the village permits a sidewalk to be built and used off the line, it is just as much their duty to see that it is on the line as anything else, and, if they permit it to be off the line, it is their duty to keep it in the condition the statute requires. That is the question that I shall give to the jury. I simply state this now so that you can put in your evidence on these points."

We find no error in this ruling. The statute making municipalities liable for injuries caused by defective sidewalks does not require that such walks should be wholly within the line of the street. If the municipality causes the sidewalk to be built, or assumes control of it, it is its duty to keep it in repair, whether the particular place where the injury occurred is wholly within the line of the public street or not.

Many of the exceptions taken to the introduction of testimony have reference to testimony which was introduced tending to prove that the village had caused this sidewalk to be built, and that it had assumed control over it. We think there was no error in the admission of such testimony.

The finding of the jury, based upon all the testimony, that the place where the injury occurred was in the public street, renders the particular ruling that the village was obliged to keep in repair such sidewalks as it built or assumed control of, although not in a public street, unimportant.

This covers, substantially, the errors complained of, and we think the judgment should be affirmed.

The other Justices concurred.