The other Justices concurred.

———◆———

MAGGIE F. TICE v. BAY CITY.

[See 78 Mich. 209.]

*Municipal corporations—Defective sidewalk—Evidence.*

1. After the statute creating a liability on the part of cities for injuries sustained by reason of defective sidewalks took effect,

it became the duty of such municipal corporations, if they continued to maintain sidewalks which were out of repair when such liability attached, to put them in good repair, and to keep them in a condition reasonably safe for public travel; and in a suit to recover damages for an alleged failure so to do, the length of time the sidewalk had been out of repair prior to the injury is a legitimate subject of inquiry, without reference to the date when the statute became operative.

2. The plaintiff in a negligence case claimed to have been injured by getting her foot into a hole in a sidewalk at a point about midway between two gates leading into certain premises. The evidence as to defects was confined to that point, but the testimony developed that there was more than one hole, and some of the witnesses, not knowing in which hole the plaintiff's foot was caught, were interrogated on both sides as to the location of the holes they observed; but the jury were instructed that the plaintiff could not recover unless the city had knowledge, actual or constructive, of the *identical hole* into which the plaintiff stepped, and the *existence* of the other holes was not permitted to be used to show notice of this particular defect. And it is held that there was therefore no error in the admission of the testimony concerning the other holes.

3. In a negligence case against a city for injuries sustained by reason of a defect in a sidewalk, the court, at the request of the defendant's counsel, instructed the jury that if they found that the street commissioner went over the walk within two weeks previous to the accident, and looked out for defects in a careful manner, and did not see the defect complained of, and had no actual knowledge of its existence, he used such care and diligence as was required of him, and that the defendant was not liable. The court added an instruction that, in determining the first three questions, the jury might consider *all* of the testimony in the case as to the existence of the defect previous to the time the commissioner went over the walk, and that, if they found that it was there when such examination was made, they could consider that fact in determining whether the commissioner used due care. And it is held that the added instruction was good law, and very properly given under the circumstances, there being testimony in the case that the defect had been there for months.

Error to Bay.    (Cobb, J.)     Argued January 6, 1891. Decided February 6, 1891.

Case. Defendant brings error. · Affirmed. The facts are stated in the opinion.

*John C. Weadock,* for appellant.

*Shepard & Lyon,* for plaintiff.

Morse, J. This case has been in this Court once before, and will be found reported in 78 Mich. 209.

The plaintiff sues for damages occasioned by her foot being caught in a hole in the sidewalk upon the east side of Jefferson street, in Bay City, at a point about midway between two gates, leading into the county jail premises, the gates being 75 feet apart. Two facts are settled beyond dispute by the record:

1. That the plaintiff was injured by getting her foot into a hole in the sidewalk in the locality described in her declaration.

2. That there was no proof that any officer of the city had actual knowledge of the existence of this hole prior to the accident.

There is no claim of any contributory negligence on the part of the plaintiff, and the main issue, therefore, was whether the hole had existed in the sidewalk so long that the city was in duty bound to take notice of its existence. Some errors are assigned upon the admission of testimony which we do not deem necessary to discuss, and we shall, therefore, only consider such alleged errors as seem to us to present matters. of general importance, which may be likely to arise in other cases of a similar nature to the one in hand.

The accident to plaintiff occurred on December 6, 1887. The law of 1887, creating a liability in cases of defective sidewalks, was considered by the court and all parties in the court below as taking effect September 28, 1887.[1] Testimony was introduced on the part of. the plaintiff tending to show

[1] Act No. 264, Laws of 1887.

that the defect in the sidewalk, of which she complained, existed in the months of May, June, July, and August, 1888. .This testimony was objected to, and the court was asked to instruct the jury that they could not consider the evidence as to the condition of the sidewalk in those months, because at that time the city was not liable for any defects in the sidewalk. This request was properly refused. If this hole existed prior to September.28, 1887, and continued up to December 6, 1887, the city was not only bound to take notice of it, but in law had ample time between these last two dates to repair the sidewalk. The defendant was not authorized to leave the sidewalk as it was on the day the law took effect. If, after that, the city continued to maintain the sidewalk, it was its duty to put it in good repair, and to keep it reasonably safe for public travel; and the length of time it had been out of repair was a legitimate subject of inquiry, without reference to the date that the law went into effect.

Objection is also made that testimony was admitted of the condition of the walk at other places than were the injury occurred.[1] The evidence was not only confined to the space between the two gates, but to near the middle of such space. The testimony developed that there was more than one hole there, and some of the witnesses, not knowing in which hole the plaintiff was injured, were interrogated on both sides as to the location of the holes they observed; but the jury were instructed that plaintiff could not recover unless the city had knowledge, actual or constructive, of the identical hole into which the plaintiff stepped, and the existence of the other holes was not permitted to be used to show notice of this particular defect. There was therefore no error in the admission of this testimony.

---

[1] Counsel for appellant cited the former opinion in this case, and *Dundas v. Lansing*, 7 5 Mich. 499.

The defendant's counsel asked the following instruction to the jury:

" If you find that the street commissioner went over this walk within two weeks previous to the accident, that he looked out for defects in a careful manner, and did not see this defect, and had no actual knowledge of its existence, then he used such care and diligence as was required of him, and the city is not liable."

The request was given by the court, with the following addition:

" But in determining the fact whether he did go over it within two weeks, and did look out for defects in a careful manner, and did not see this particular defect, you may consider all the testimony in the case as to the existence of the hole previous to the time he went over the place, and, if you find the hole. was there when he examined it, you may consider that in determining whether he did use due care."

This addition was good law, and very properly made under the circumstances, there being testimony in the case that the hole had been there for months.

Some other remarks were made by the court in regard to this request which are objected to by the defendant, but such remarks were withdrawn by the court, and the law subsequently stated as above. We do not think we can predicate error upon the remarks that were withdrawn by the court, as we cannot find, upon a review of the whole case, that the defendant could have been prejudiced thereby; nor are we prepared to say that the remarks objected to would have been error if they had been permitted to stand as a part of the charge. The court also told the jury that—

" Notice could not be inferred or presumed unless the defect was open and notorious, or of long standing, and of such a character as would naturally arrest the attention of persons passing by."

84 MICH—30.

The case was very fairly tried, and the charge of the court was a remarkably clear and full exposition of the law bearing upon the issues involved.

The judgment is affirmed, with costs.

The other Justices concurred.