CATHERINE McGRAIL v. THE CITY OF KALAMAZOO.

*Jury — Challenge for cause — Municipal corporations—Defective sidewalks—Evidence.*

1. Error cannot be assigned upon the ruling of the court sustaining a challenge to a juror upon the regular panel on the ground that he is over the statutory age; and especially is this so where the appellant expresses himself as satisfied with the jury as finally made up, and goes to trial before it without exhausting his peremptory challenges.

2. It is not competent for the plaintiff in a negligence case, who was injured by falling on a defective sidewalk by reason of the tipping up of a loose plank, to show that others fell upon the same walk three or four days *after* the accident to the plaintiff.

3. It is competent in such a case, to rebut the theory of the plaintiff that the defect in the walk caused by the loose plank had existed so long, and that the walk was in such a bad state of repair, as to charge the city with notice of the particular defect complained of, for the defendant to show, by witnesses who testify to having frequently passed over the walk without noticing the defect, that if there had been a loose plank they would have noticed it.

4. Notice to the proper officers of a city that a sidewalk is out of repair cannot be inferred unless the defect is open and notorious, of long standing, and of such a character as would naturally arrest the attention of passers-by; and the burden of proof to establish these facts is upon the party complaining of the non-repair; citing *Tice v. Bay City*, 84 Mich. 465.

5. Where, in a negligence case, it appears that the sidewalk inspector, some 10 days before the accident, went over the walk upon which plaintiff was injured by reason of the tipping up of a loose plank therein, tested the plank at the ends, and,

finding some of them loose, nailed them down, and left the walk in a condition reasonably safe for public travel, in order to charge the city with such constructive notice as to render it liable for any *after* defect developing in the walk it must have been of such a character as naturally to arrest the attention of a passer-by, and the city must have had reasonable time, after such defect was noticeable, to repair it.

Error to Kalamazoo. (Buck, J.) Argued October 13, 1892. Decided December 22, 1892.

Negligence case. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Howard & Roos,* for appellant.

*E. M. Irish,* for defendant.

Long, J. This suit was brought to recover for injuries received by plaintiff by falling upon an alleged defective sidewalk on May 10, 1890. It was contended by plaintiff that the sidewalk, at the place in question, was on that day, and had been for a long time prior thereto, in a dangerous and unsafe condition. Her testimony showed that she was a large, fleshy woman, and while passing over the sidewalk, in company with two other ladies, owing to the defective condition of the walk, some of the planks therein being loose, she was tripped up and thrown violently to the ground, and received serious injuries, which are claimed to be of a permanent character. Under a very full charge of the court, the jury returned a verdict against the plaintiff. The errors relied upon relate—

1. To the ruling of the court in sustaining the challenge for cause to two of the jurors, for the reason that they were over 60 years of age.

2. To the ruling of the court in refusing to allow certain testimony to be given, and in the reception of certain testimony.

3. To the ruling of the court in refusing to permit the plaintiff to put in evidence a certain stringer, which it is

claimed was taken from under the sidewalk in question.
4. To the refusal to give certain of plaintiff's requests.
to charge, and to certain parts of the charge as given.

It appears that two of the jurors were over 60 years of
age.    They were both on the regular panel for the term.
They were challenged by defendant's counsel on account of
their age, and the court excused them.    It is insisted that
this was error, and that this claim is within the ruling of
this Court in *People v. Rawn,* 90 Mich. 377.    In that
case it was held that, though a juror was beyond the age
of 60 years, he was not subject to challenge for cause, but.
that the exemption under the statute from service upon
juries when beyond that age was only a personal privilege
of the juror.    Error was assigned upon the ruling of the
court in refusing to set the juror aside, upon a challenge
for cause, upon the ground of his being beyond the age of
60 years.    It was held not to be error, and the conviction
was affirmed.

The question is not presented in this case in that form..
Here the court sustained the challenge, and discharged the
jurors from the panel.    It appears that those persons were
on the regular panel, and therefore it is claimed that, under
section 7555, How. Stat., requiring the officers who make
return of persons for jurors to the county clerk to select.
the names from the assessment roll, and, in making such
selection, to take the names of such only as are not exempt
from serving on juries, and section 7571, expressly exempt-
ing persons over 60 years of age from serving as jurors,
the plaintiff had no legal right to have these jurors on the
panel to try the case, and their discharge by the court is
no ground of error.    We think counsel right in this con-
tention.    These jurors had a right to be discharged from
the panel if they requested it themselves, as the statute
expressly gave them the right; and while it would not have
been error, as held in *People v. Rawn, supra,* for the court.

to refuse to set them aside on that ground when challenged for cause, it cannot be said that a party to a cause can claim the right to have persons above the age of 60 years sit as jurors in a cause, or, upon their discharge, have a verdict of another jury set aside, with whom he had expressed his satisfaction and before whom he had gone to trial. Especially is this true where it is not claimed that at that time the party had exhausted his peremptory challenges.

It is claimed that the court was in error in striking out the testimony of the witness Mary J. Briggs in regard to a fall she received upon the walk where plaintiff fell. It appeared upon cross-examination that she fell three or four days after the plaintiff received her injuries, and the court struck out the testimony for that reason. In *Lombar v. Village of East Tawas*, 86 Mich. 14, it was permitted to be shown that others had stepped into the same hole prior to plaintiff's injury, for the purpose of showing the existence of the defect at the time the injury occurred; and it was said that such evidence was competent, as it might also tend to show constructive notice of the defect to the village. It was further said in that case that there was some conflict of authority even upon this right. We have been unable to find any case going beyond this ruling, and holding that a plaintiff upon such a trial might introduce proof that others fell or stepped into the hole after the injury occurred, even with a showing that it was in the same condition as when plaintiff was injured. The plaintiff's position here would carry the rule still further, if her counsel's contention is correct. He asked to show that the witness fell on the same defective walk three or four days after plaintiff fell there. How she was walking, or whether using due care, would raise another issue. The injury to plaintiff was not in stepping through a hole in the walk, but in the tipping up of a loose plank; and

the question to the witness was not for the purpose of showing that she fell through the same hole that plaintiff fell through, as in the Lombar case and the cases there cited. The court properly excluded the testimony.

Several witnesses were sworn on the part of the defendant, and testified to having frequently passed over this walk. They were then asked whether, if there had been a loose plank there, they would have noticed it. This was admitted, under objection of plaintiff's counsel. We think there was no error in admitting this testimony. There was no claim on the part of the plaintiff that the city had actual notice of the condition of the walk, but the plaintiff proceeded upon the theory that the defect had existed so long, and the walk was in such a bad state of repair, that the city ought to be charged with notice of the defect. In answer to this proposition, the testimony of these witnesses was proper.

A stringer was brought into court by the plaintiff. It was claimed that it came from under the defective walk, and had been taken out by the city in making repairs after plaintiff's injury. The witness who produced it in court found it standing against the corner of a store near the defective walk. It was offered in evidence by the plaintiff. The court excluded it, on the ground that it had not been sufficiently identified as coming from under the defective walk. We need not recite the testimony here by which it is claimed that it was sufficiently identified. We are satisfied from it that its identification was not established, and the court very properly ruled against its admission.

Counsel asked the court to instruct the jury that there was no evidence of contributory negligence on the part of the plaintiff shown in the case. This was refused, and the court left the question of due care upon her part as a question of fact for the determination of the jury. The

court was right in this. The jury should take into consideration the condition and situation of the walk, the time of day when plaintiff passed there, her knowledge of its condition, and other circumstances connected with her passage over it, and from these facts determine the care which the plaintiff exercised. The burden was upon her to show that she was exercising due care, and it was a question of fact to be found by the jury.

Counsel for plaintiff also asked the court in their second request to instruct the jury:

"You are instructed that it is the duty of the city, and not of passers-by, to notice defects in streets and sidewalks and repair them; and it does not follow, because the defect is not of a character necessarily to attract the attention of the passers-by, that the city, by the exercise of due care, would not have discovered it."

This was refused, and the court instructed the jury upon that point as follows:

"In relation to the condition of the sidewalk, notice to the proper officers of the city of its being out of repair cannot be inferred or presumed, unless the defect was open and notorious, of long standing, and of such a character as would naturally arrest the attention of the passer-by; and the burden of proof to establish these facts is upon the plaintiff."

This statement of the law by the court, as contained in the charge, is but a repetition of the charge of the trial court which was cited with approval in *Tice v. Bay City*, 84 Mich. 465, and was properly given.

Counsel also asked the court to instruct the jury:

"It was incumbent upon the sidewalk inspector to perform his duty. Officers may not ignore the dictates of common sense and the lessons of ordinary experience, and refuse or neglect to see or heed what others understand. When it is generally known that a sidewalk is out of repair, or has become decrepit, or when it has stood so long that there is much suspicion of it, the officer of the city may not disregard the warning conveyed by these circumstances,

and think to excuse his neglect to take action, on the ground of having had no actual notice of its dangerous infirmity."

This was refused, and the court in its charge directed them as follows:

"If the jury find from the evidence that the sidewalk inspector went over that walk a fortnight before the accident, and tested the planks at the ends, and found the walk secure at that time, or, finding defects, remedied them, so that the walk was left in a condition reasonably safe for public travel, then the city would not be responsible or negligent as to loose planks which had been in the walk before; and, if any defect developed in the walk after that, it must have been of such a character as would have naturally arrested the attention of the passer-by in order to have charged the city with such constructive notice as would make it liable, and after such defect was noticeable the city must have had reasonable time to repair it, and if the defect was not of such a character you will find for the defendant."

There was evidence tending to show that the sidewalk inspector of the city went over the walks and examined them the last of April or first of May, 1890. The plaintiff was injured on the 10th day of May, the same year. Some loose planks were found by the sidewalk inspector at the time at or near where plaintiff fell, and were nailed down by him or his assistant. In view of these facts, the court was not in error in refusing the request to charge, or in the charge as given. *Dewey v. City of Detroit*, 15 Mich. 307.

We find no error in the entire charge which calls for a reversal of the case. It was full and fair to the plaintiff, and all questions of fact left for the determination of the jury. In stating the plaintiff's claim the court said to the jury:

"But if you find that it has been shown by a fair preponderance of the evidence in the case that the walk in question, at the time and at the particular place of the

alleged injury, was so defective and dangerous as not to be reasonably safe for public travel, and that said defect or dangerous condition of the walk at that place had existed for such a length of time, and was so manifest to the senses, that the officers or agents of the city could with reasonable diligence know, or by the exercise of reasonable care might have known, of it in time to have remedied the defect before the accident, and that this was not done, then, if you find all the other material facts in favor of the plaintiff, you should render a verdict in her favor.

"If the jury find that the plaintiff was in the exercise of due care and caution, and believe from the evidence that the sidewalk, at the time and place in question, was out of repair as alleged in the declaration, and that the city authorities, by the exercise of reasonable care, might have known of it in time to have remedied the defect before the accident occurred, and did not do so, the city is liable in this suit."

Again, the court, in speaking of plaintiff's care, said:

"If you find that the plaintiff, before she crossed the walk, knew that the planks were loose, she had a right nevertheless to pass over it, provided she did so in an ordinarily careful and cautious manner; and if you find that she did so, guided by what she knew of its condition and the liability to danger, then her conduct would not amount to contributory negligence."

The court said further:

"It is for you to determine from all the evidence in the case whether the plaintiff was injured owing to the defect which she claims existed in the sidewalk."

We find no error in the case.

Judgment is affirmed, with costs.

McGRATH, C. J., MONTGOMERY and DURAND, JJ., concurred. GRANT, J., did not sit.