| 99  | 292 |
| --- | --- |
| 114 | 453 |
| 99  | 292 |
| 123 | 26  |
| 123 | 31  |
| 123 | 43  |

### ELLA R. HEMBLING v. THE CITY OF GRAND RAPIDS.

*Municipal corporations — Defective sidewalks—Notice—Proximate cause.*

1. Where, in a suit to recover for personal injuries resulting from a fall upon an alleged defective sidewalk, the testimony tends to show that some of the stringers were decayed, but that the planking was in a good state of preservation, and that just before the injury a horse had been tied to one of the planks, and that just as the plaintiff came along the horse jerked the plank out of place, and plaintiff stepped into the aperture, and fell, it is error to instruct the jury that "municipal liability for injuries arising from defects in public ways is the same, so far as concerns innocent persons, whether the condition of the way is due to wear and decay or to the misconduct of individuals in tearing it up; the obligation to repair *speedily* is the same,"—there being no showing of actual notice to the municipality, and no pretense that a reasonable time to repair had elapsed, or a sufficient time to operate as constructive notice; and, in any event, the use of the word "speedily" was improper, and calculated to mislead the jury.[1]

2. In the absence of actual notice, municipalities are only liable for such defects in sidewalks as are apparent, or are suggested by appearances, or which are disclosed by a test in the nature of the ordinary use of such walks.

---

[1] As to what lapse of time will not operate as constructive notice, see *Dittrich v. City of Detroit*, 98 Mich. 245; *Reed v. City of Detroit*, 99 Id. 204.

3. The municipality was in no way responsible for the hitching of the horse to the plank in the walk, nor was it bound to anticipate such use; and if, while plaintiff was advancing upon the walk, the horse suddenly jerked the plank from its place, and plaintiff stepped into the aperture made thereby, and fell, and received the injuries complained of, the defect in the walk cannot be said to have been the primary cause of the injury, and plaintiff is not entitled to recover.[1]

Error to superior court of Grand Rapids. (Burlingame, J.) Submitted on briefs January 4, 1894. Decided March 20, 1894.

Negligence case. Defendant brings error. Reversed. The facts are stated in the opinion.

*William Wisner Taylor,* for appellant.

*Francis A. Stace* (*McGarry, McKnight & Judkins,* of counsel), for plaintiff.

McGRATH, C. J. Plaintiff seeks to recover for injuries resulting from a fall upon an alleged defective sidewalk. The testimony tended to show that some of the stringers were decayed, but the planking was in a good state of preservation. The planks were 2 inches in thickness, and some 12 or 14 feet in length. They extended several inches beyond the curb. There was evidence tending to show that just before the injury a horse had been tied to one of these planks, and that just as the plaintiff came along the horse jerked one of these planks out of place, and that plaintiff stepped into the aperture, and fell. The court instructed the jury as follows:

" Municipal liability for injuries arising from defects in public ways is the same, so far as concerns innocent persons, whether the condition of the way is due to wear

---

[1] See, as to proximate cause, *LaDuke v. Township of Exeter,* 97 Mich. 450, and note; *Bleil v. Railway Co.,* 98 Id. 228; *Noble v. Railway Co.,* Id. 249.

and decay or to the misconduct of individuals in tearing it up; the obligâtion to repair speedily is the same."

This instruction was erroneous. If the plank was displaced, that displacement was immediately before the accident. There was no showing made of actual notice to the municipality, and no pretense that a reasonable time to repair had elapsed; much less had sufficient time elapsed to operate as constructive notice. In any event, the use of the word "speedily" was improper, and was calculated to mislead the jury.

The court further instructed the jury that—

"The defect may exist and be unknown, and the city still be liable, on the ground that the prime fault may consist in being ignorant; it being the clear principle that a want of knowledge may, under certain circumstances, imply want of due care. The general duty of the city is to exercise, through its officers, a reasonable supervision over its streets and sidewalks, and, within fairly practicable limits, to be watchful of their condition and trustworthiness, and to see that they are kept in a reasonably safe condition for public travel. Its officers cannot ignore the dictates of common sense and lessons of ordinary experience, and refuse to see and refuse to heed what others see and what others understand. Such means should be employed by the officers from time to time in making their examinations as usually disclose the defects to be expected." [1]

This instruction was erroneous in that it assumed that it was the duty of the municipality to make such an inspection of sidewalks as would disclose latent defects, if they existed. Respecting the ordinary sidewalks, there is no such duty of substructure inspection as is imposed in case of bridges or other elevated ways. In the absence of actual notice, municipalities are only liable for such defects

[1] Counsel for plaintiff cited, in support of this instruction, *Township of Medina v. Perkins*, 48 Mich. 67; *Dotton v. Village of Albion*, 50 Id. 129; *Stebbins v. Township of Keene*, 55 Id. 552; *Woodbury v. City of Owosso*, 64 Id. 239; *Moore v. Township of Kenockee*, 75 Id. 332.

in sidewalks as are apparent, or are suggested by appearances, or which are disclosed by a test in the nature of the ordinary use of such walks.

The court further instructed the jury as follows:

" If, from a fair preponderance of evidence in this case, you believe that, up to and near the time of this injury, the sidewalk where it occurred was in a reasonably safe condition for the purposes for which it was laid, and that, on account of the sudden removal of a plank in such reasonably safe sidewalk, the plaintiff received injury, no matter whether the plank was so removed by a horse or an individual, in such case the city would not be liable; but if for such length of time that the city had had actual or constructive notice, and time sufficient to repair it, the sidewalk where the injury occurred had not been in a reasonably safe condition, and on account of such unsafe condition, and neglect to repair or make it reasonably safe for travel, the plaintiff was injured, then and in that case the city would be liable, if the plaintiff at the time was exercising reasonable care and prudence in passing along said sidewalk.

" If you find that the injury to the plaintiff occurred on account of the displacement of a plank by a horse fastened to it, this might not of itself excuse the city from liability, but it is left for you, under all circumstances, to determine whether or not the sidewalk was reasonably safe for public travel. And if you find it was not so reasonably safe, and that the city had timely notice of its unsafe condition, and that the plaintiff, while in the exercise of reasonable care on her part, was injured, and that unsafe condition of the walk was the approximate cause of her injury, then it matters not in what manner the plank was actually displaced."

The municipality was in no sense responsible for the hitching of the horse to the plank in the walk, nor was the city bound to anticipate such use; and if, while plaintiff was advancing upon this walk, a horse hitched to one of the planks suddenly jerked the plank from its place, and plaintiff stepped into the aperture made thereby, and fell, receiving the injuries complained of, the defect in the walk cannot be said to have been the primary cause of the

injury, and plaintiff was not entitled to recover. If this plank had been displaced by some other pedestrian in the use of the walk, or if this displacement had not been accounted for, and the condition of the walk had been shown to be such that such disarrangement was liable to occur in the ordinary use of the walk, a different case would have been presented. It certainly cannot be contended that, if parties had been engaged in tearing up this walk, the city would have been liable; yet the force employed was directly in that line.

The judgment is therefore reversed, and a new trial granted.

LONG, GRANT, and HOOKER, JJ., concurred with MC-GRATH, C. J.

MONTGOMERY, J. I concur in the result reached by the Chief Justice, but I do not think the second instruction open to just criticism.