MENARD v. CITY OF BAY CITY.

DEFECTIVE SIDEWALKS—NOTICE—QUESTION FOR JURY.

Plaintiff, while passing over a sidewalk in the defendant city, was tripped by a loose section of the planking, and sustained injuries for which she brought suit. Upon the trial she produced witnesses who testified that, at the place where the accident occurred, a board in the walk was split diagonally from one end, so as to leave a pointed piece of the plank, too short to reach both stringers, fastened only at one end, and liable to fly up when stepped on at the outer end, which projected nearly a foot over the edge of the stringer. One witness testified that he knew that the split had existed for a month before the accident, because he had tripped there one night himself. On cross-examination this witness stated that no one, who did not know that the board was loose, would notice it; but there were other witnesses who testified that the defect was plainly visible. The circuit judge directed a verdict for defendant, on the ground that the defect was not such a one as would attract attention, and that the city was not negligent in not discovering it. *Held*, that the question of notice should have gone to the jury. GRANT, J., and LONG, C. J., dissenting.

Error to Bay; Kelley, J., presiding. Submitted June 18, 1897. Decided September 23, 1897.

Case by Rosella Menard against the city of Bay City for personal injuries. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Reversed.

*Van Kleeck & Anneke*, for appellant.

*U. R. Loranger*, for appellee.

HOOKER, J. The plaintiff appeals from a verdict in favor of the defendant, rendered by direction of the court. There was evidence tending to show that she was injured by a fall upon a sidewalk at a place where a board was

split diagonally from one end, the shorter piece running to a point, making it too short to reach both stringers (of which there were but two in the walk) as it lay.    Witnesses testified that this split had existed for some time, but it was contended that it was not such a defect as to attract attention, and that the city was not negligent in not discovering it, and the court so held.    There is testimony that this split was obvious, and that the only nails in it were near the wider end; that the stringers were almost a foot from the edge of the walk.    She was tripped by a companion stepping upon the projecting end, which raised the narrow end of the plank.    It was shown that the plank was loose, and had been so for a month, and had tripped one of the witnesses before.    This witness testified that the board was broken apart, and had lain there for a month before the accident.    Other witnesses testify that the defect was plainly visible.

We are of the opinion that the questions of negligence and notice should not have been taken from the jury.

Judgment reversed, and a new trial ordered.

MONTGOMERY and MOORE, JJ., concurred with HOOKER, J.

GRANT, J. (*dissenting*).    Plaintiff, while walking about noon on a sidewalk of the defendant city, stumbled and fell.    The walk consisted of plank five feet long and six inches wide, nailed to two stringers, which ran parallel to the street.    The ends of the plank projected about a foot from the stringers.    She was walking on the outside of the walk, and one Irwin Rood was passing her, going in the same direction.    Rood, when about opposite to her, stepped upon the end of a plank, which had in some way been split in two lengthways.    The other end of the plank flew up, and she fell over it.    At the conclusion of the evidence on behalf of plaintiff, the court directed a verdict for the defendant, on the ground that no notice of the defect, either actual or constructive, was brought home to the defendant.

The testimony as to notice is as follows: Plaintiff testified that she was looking at the sidewalk; noticed nothing wrong about it, and that it looked perfectly safe. Mr. Rood testified that all the planks were right except this one, which had a weather check clear through it, which he called a crack; that it looked all right to any one passing over it; that no one, who did not know it was loose, would notice it; that the top was sound; that it was slightly decayed underneath; and that when the plank was in place the defect was not noticeable. This is the witness who testified that the plank had been split for a month, and that he knew this, because he had been tripped there one night himself. One Larkins lived in a house opposite this sidewalk, and within about six or seven feet of it. He testified that this plank had been split from ten days to two weeks; that it had been loose not more than a week; that it looked all right except the crack; and that no one could see the defect without looking sharp. One Bradford testified that he examined the plank after the accident. He saw the split, and testified: "I don't know whether it was a season check, or a split of some kind;" that the diagonal piece was nailed at one end, and would move up and down, according to the force applied. He thought it was an old check, but was not sure. He further testified:

"*Q.* I call your attention to the defect in that walk, and ask you whether it was noticeable or not.

"*A.* It could be seen. Yes; it was noticeable,— the split, I mean.

"*The Court:* What do you mean by that,— the crack?

"*A.* The crack could be distinctly seen.

"*The Court:* A critical examination would disclose it?

"*A.* Yes, sir.

"*Q.* An ordinary passer-by, walking over that walk, would notice it?

"*A.* I think he would.

"*Q.* Did the walk, as you approached it and passed over it, present any appearance of a defect aside from the split in the board?

"*A.* When I was there it did not; it was in place.

" *The Court:* The only examination you made of it was after the accident?

"*A.* The only one was that day."

One Dr. Newkirk also testified that he saw the plank on the day after the accident:

"It was in place. I simply saw a plank there, and that it was split, I should say three and a half or four feet, and ran to a point on the east end of the plank.

"*Q.* Describe the appearance of the walk, and the character of the defect, as you saw it there.

"*A.* It was a split in the board. The board ran crosswise of the walk, and it was split, running to a point, and that is all. The east end was loose.

"*Q.* What do you say as to its being noticeable.

"*A.* I noticed it readily."

It is conceded that defendant had no actual notice. No presumption of notice arises in case of latent defects. *Blank* v. *Township of Livonia*, 79 Mich. 1; *Wakeham* v. *Township of St. Clair*, 91 Mich. 15. It does not appear that the piece of plank was ever left out of its place. No one would observe anything wrong in passing over the walk, unless he happened to step on this particular piece, and not then, unless he stepped upon the end. The crack, apparently only a weather check, was no indication of an unsafe condition. The defect was not of that open and notorious character from which the law implies notice to, and knowledge on the part of, the city. *Tice* v. *City of Bay City*, 84 Mich. 465; *McGrail* v. *City of Kalamazoo*, 94 Mich. 52; *Hembling* v. *City of Grand Rapids*, 99 Mich. 292.

The judgment should be affirmed.

LONG, C. J., concurred with GRANT, J.