GRATTAN v. VILLAGE OF WILLIAMSTON.

1. PERSONAL INJURIES—TRIAL—DECLARATION—AMENDMENT.

A declaration in an action for personal injuries caused by a defective sidewalk, alleging that the place of the injury was at a point about 264 feet west of a given street, may on the trial be amended to correspond with the proof that the place was in fact about 364 feet west of such street, where it is evident that the defendant was not misled.

2. SAME—DUE CARE—EVIDENCE—HARMLESS ERROR.

Error in permitting plaintiff in an action for personal injuries to state that, at the time, he was endeavoring to exercise care and caution, is harmless to defendant, where plaintiff had already testified fully as to what he did at the time of the accident, and the trial judge directed the jury that, in

determining whether plaintiff exercised due care and caution, they must take into consideration the entire circumstances.

3. SAME—SIDEWALKS—KNOWLEDGE OF DEFECT.

The fact that a person injured by a defective sidewalk had knowledge of the defect may be taken into account by the jury in determining whether he used due care, but it is not conclusive against his right to recover. *Graves* v. *City of Battle Creek,* 95 Mich. 271, followed.

4. SAME—NOTICE—INSTRUCTIONS TO REPAIR.

A resolution of the common council of a village, requiring a new sidewalk to be built at a place at which plaintiff was subsequently injured, is admissible to show knowledge on the part of the village authorities of the defective condition of the old walk.

5. SAME.

Proof that the authorities of a village had knowledge that a sidewalk on which plaintiff was injured was defective for its entire length is sufficient, without showing that they had notice of the particular defect which caused the injury.

6. SAME—DAMAGES—INSTRUCTIONS.

An instruction, in an action for personal injuries, that the jury might consider plaintiff's infirmities if resulting from the injury's having caused his "rheumatism to centralize," could not have misled the jury into believing that they might award damages for an aggravation of an existing disease, which was not alleged, where, in other parts of the charge, they were told that plaintiff could not recover such damages, as he had denied the existence of rheumatism before the injury.

Error to Ingham; Person, J. Submitted February 1, 1898. Decided March 29, 1898.

Case by Alexander C. Grattan against the village of Williamston for personal injuries. From a judgment for plaintiff, defendant brings error. Affirmed.

*W. F. Cairns* and *Howard Wiest,* for appellant.

*Smith & Hood,* for appellee.

MONTGOMERY, J. The plaintiff recovered a judgment of $500 for injuries received by stepping into a hole in a defective sidewalk. The defendant brings error.

1. The plaintiff, in his declaration, alleged that he was injured on the sidewalk of the defendant, on the north side of Grand River street, at a place or point about 264 feet west of Putnam street. On the trial, the evidence of the plaintiff disclosed that the place where the injury occurred was in fact about 364 feet west of Putnam street. Motion to strike out the testimony was denied, and, at the close of the testimony, the court permitted the plaintiff, by an amendment, to state the correct location in his declaration. This is assigned as error. It is evident to us from the testimony offered by the defendant that the real issue was understood from the first. The president of the village testifies that he was familiar with the walk in front of the Bowerman and Fleming place, in 1893, and that, after he heard of the injury to plaintiff, he went up there, to examine it. The walk in front of the Bowerman and Fleming place corresponds in distance from Putnam street to the averment in the amended declaration. It is evident, therefore, that the defendant was not misled. There was no suggestion of surprise, and we think the amendment was warranted.

2. Plaintiff's counsel was permitted to ask him whether, at the time, he was endeavoring to exercise care and caution. We think this question might well have been omitted, as the jury should draw the inference from what was done by the plaintiff whether he was in the exercise of due care and caution; but we are convinced from this record that the defendant suffered no harm from this question being put and answered. The witness had already, upon cross-examination, testified fully as to what he did do in passing over the walk; and the circuit judge, in his charge to the jury, directed them, in substance, that, in determining whether plaintiff was exercising due care and caution, they must take into consideration the entire circumstances, — what he knew about the walk, what he had known about it, the time of night, the character of the night, and the manner in which he was walking,— and see whether he did exercise due care and caution.

This instruction practically excluded all other considerations than those relating to what the plaintiff actually did, and we think the jury could not have mistaken the issue.

3. It is also claimed that, as the plaintiff had knowledge of the defect in the sidewalk, this knowledge was evidence of contributory negligence. This is undoubtedly true, and, as stated before, the circuit judge directed the jury to take into account the knowledge which the plaintiff had of the condition of the walk, in determining the question of whether he used due care. This was all defendant was entitled to. *Graves* v. *City of Battle Creek*, 95 Mich. 271 (19 L. R. A. 641, 35 Am. St. Rep. 561).

4. The court permitted the plaintiff to introduce in evidence a resolution of the common council introduced in May, previous to the time of the injury to plaintiff, requiring a sidewalk to be built from Horton's store, a short distance east of the place of the accident, to the property of C. W. Carr, a point west of the place of the accident. This was received for the purpose of showing knowledge on the part of the authorities of the condition of the walk, plaintiff's counsel at the time disclaiming that it was offered to show what this condition was. We think it was entirely competent for the purpose offered. It is not to be assumed that the council would have ordered the construction of a new walk without previously having informed itself as to the condition of the existing walk.

5. Some criticism is made of the charge of the court upon the effect of the testimony that the entire walk in front of the Fleming place was in bad condition. The court charged the jury as follows:

" If the sidewalk generally was in bad shape otherwise than the particular plank, or plank and a half, if the ends of the boards were loose, and if it was in such shape that plank were liable to get out, because not nailed, and because the stringers were rotten, and that such a defect as the removal of a plank might be expected, then I charge you that if the removal of such a plank would cause a dangerous

place, would render the sidewalk unfit for travel, I charge you that the general condition was a thing that the village should have had notice of, and repaired it; and if they did not know that this particular plank and a half were gone, if they knew that the sidewalk was so defective, and had been in the same general bad condition, and that an accident was expected and likely to happen, that would be notice that required them to go on, and fix and take care of it."

We think there was no error in this instruction. See *Edwards* v. *Village of Three Rivers*, 102 Mich. 153, and cases cited.

6. Error is assigned upon the instruction of the court upon the subject of damages. The declaration did not aver an aggravation of an existing disease. The defendant excepts to that portion of the charge reading as follows:

"If the accident, however, in case one occurred, caused the rheumatism to centralize, and become located in the hip, and thereby resulted in precipitating and bringing about such infirmities and disabilities as the plaintiff claims, you may then consider such infirmities and disabilities as a direct result of the accident, and take them into consideration in fixing damages, if you find him entitled to recover."

We need not determine whether this instruction, standing alone, would be open to objection, as we think the charge of the court, taken as a whole, could not have been understood as justifying a recovery for an aggravation of an existing disease. The remainder of the charge on this subject, which preceded that. above quoted, was as follows

"The plaintiff, Mr. Grattan, claims that the condition of his limb and hip, whatever that is, comes directly from the accident which he claims took place on the sidewalk. He says he had not suffered with rheumatism at that point before the accident, or from rheumatism at all, and claims that, if rheumatism has since set in, such rheumatism itself is a direct consequence of the injury. In short, he claims that the entire trouble with his limb and hip

originated in and comes from the accident. He does not admit that the trouble comes from some disease, — for instance, rheumatism existing before the accident, — and that the accident simply aggravated the disease. So, you could not give him damages for such an aggravation; you could not give him damages for a thing the existence of which he denies. You give him damages, if at all, according to his own theory and claim, and not according to some theory, not only not claimed by him, but denied by him. Therefore, in case he is entitled to recover, you will determine whether the trouble to his hip and limb was caused by and originated in the accident. The burden of proof is upon him in that as in other matters. If such trouble did so originate, you will give him just damages therefor; and you will give him such damages even if rheumatism has since set in, as a result of the accident itself, and aggravated the trouble. If the hip and limb trouble did not originate in the accident, as mentioned, but in some other and earlier cause, you will not give damages therefor; not if it was even aggravated by the subsequent accident."

A careful examination of the record in this case convinces us that no error was committed to the prejudice of the defendant, and the judgment will be affirmed.

The other Justices concurred.