KETHLEDGE *v.* CITY OF PETOSKEY.

1. EVIDENCE—ADMISSIBILITY — MORTALITY TABLES — PERSONAL IN-
   JURIES.
   Mortality tables are inadmissible, in an action for per-
   sonal injuries, where it is not reasonably certain that the
   injuries are permanent.

2. MUNICIPAL CORPORATIONS — DEFECTIVE SIDEWALKS — PERSONAL
   INJURIES—EVIDENCE—ADMISSIBILITY.
   In an action against a city to recover for injuries alleged
   to be due to a defective sidewalk, evidence that the walk
   was again washed out by flood two years after the acci-
   dent was inadmissible, where the second flood followed a
   storm of longer duration than the first, when some snow
   was still on the hillsides.

Error to Emmet; Shepherd, J.   Submitted October
22, 1917.   (Docket No. 134.)   Decided December 28,
1917.

Case by Marie L. Kethledge, an infant, by her next
friend, against the city of Petoskey for personal in-
juries.   Judgment for defendant.   Plaintiff brings er-
ror.   Reversed.

*M. W. Benjamin,* for appellant.

*Wade B. Smith,* for appellee.

MOORE, J.   This is the second appearance of this
case in this court.   See 179 Mich. 301 (146 N. W.
164).   Upon the second trial the jury returned an-
swers to special questions submitted to them as fol-
lows:

"(1) Was this sidewalk reasonably fit and safe for
public travel up to the morning this accident occurred?
   "*A.* Yes.
   "(2) Was the flood of May 23, 1912, the proximate
cause of the falling of this sidewalk?
   "*A.* Yes."

A general verdict was also rendered in favor of the defendant. Afterwards plaintiff moved the court to set aside the verdict and to grant a new trial for several reasons. This motion was overruled. From a judgment entered upon the verdict the case is brought here by writ of error. A reference to the opinion handed down when the case was here before will make a long statement of facts unnecessary.

Upon this trial the mortality tables were introduced in evidence. They were afterwards stricken out. This is said to be error, for the reason that the injuries received by the plaintiff are said to be permanent. A reading of all of the testimony of the physician which is relied upon to establish the permanent character of the injury is so uncertain—in one place he says of its permanency: "*A.* It is a possibility. *Q.* It is not a reasonable certainty? *A.* No"—that we do not think it error to strike out the mortality tables. See opinion when the case was here before.

It is said the court unduly emphasized defendant's requests to charge to the harm of the plaintiff. The reference by the trial judge to the testimony of the plaintiff is also criticized. As the case must be reversed for reasons which will appear later, we will not spend any time with these assignments of error.

The defendant was allowed to introduce testimony that it built a new wall in 1912 after the accident to the plaintiff, and that this wall was washed out in March, 1914, by another flood. In his charge to the jury the trial judge commented upon this testimony in part as follows:

"Now it is established that a short time before this accident occurred there was a heavy fall of rain and that the mouth of this tile drain across the Arlington park became stopped up with rubbish, which caused a large quantity of water to run across the surface of the ground out upon the highway adjacent to this sidewalk, and it is claimed that this water, in seeking

an outlet, washed under this sidewalk and took out all the foundation that was there. It is the claim of the city that the force of this flood was such that it would have washed out the entire foundation if the sand had not caved back under the west side of the sidewalk at all, but had extended clear through under it and supported the entire width. If you believe that the flood was of such force, then your verdict will be no cause of action, even if you find that the foundation was defective before the flood came along. In order to support this claim that the flood was the proximate cause of the falling of the walk, the city has produced witnesses to testify that after this accident occurred another wall was built under this walk, which wall was constructed of cement and stone, and that the sand was replaced under the walk so that the entire width of the walk was safely supported. As a matter of law I instruct you that a cement walk built upon such a foundation would be reasonably safe and fit for public travel. It is further brought out by witnesses for the city that after this wall was built this same tile drain across the Arlington park became again stopped up at its mouth and the water from the same creek ran across the surface of the ground out upon the highway just as it did on the 23d day of May, and that it again washed out the foundations under the walk at the same point and caused the walk to fall again. You may and should take this into consideration in determining whether or not the flood of the 23d of May would have washed out the foundation if it had extended the full width of the walk, giving it such weight as you deem it entitled to in the determination of that question."

It will be observed that the court charges that a walk upon such a foundation would be reasonably safe and fit for travel, instead of leaving it for the jury to determine, and that he also charged that it is brought out by the witnesses for the city that the walk was again washed out by the flood of 1914, and that they might use that testimony in determining whether the flood in 1912 caused the accident.

The plaintiff insists that the introduction of the testimony and the use made of it under the charge of the court was error. Defendant in its reply brief says:

"At the outset, and to avoid needless repetition, we state our position: That the jury having by their special verdict found affirmatively the fact that the defendant was not negligent, the only assignment of error deserving of consideration by this court is that the trial court erred in not granting a new trial because the verdict was against the overwhelming weight of evidence given in the cause."

One trouble with this contention is that the special verdict may have been brought about by the admission of the testimony and the charge of the court as to the use that might be made of it. This court held in the following cases that the plaintiff might not show the condition of the walk subsequent to the accident: *Fulton Iron & Engine Works* v. *Kimball Township*, 52 Mich. 149 (17 N. W. 733) ; *Lombar* v. *Village of East Tawas*, 86 Mich. 14, 18 (48 N. W. 947) ; *Langworthy* v. *Green Township*, 88 Mich. 207, 217 (50 N. W. 130) ; *Rogers* v. *Village of Orion*, 116 Mich. 324 (74 N. W. 463) ; *Moon* v. *Railroad Co.*, 143 Mich. 125 (106 N. W. 715, 108 N. W. 78). See, also, *McGrail* v. *City of Kalamazoo*, 94 Mich. 52 (53 N. W. 955).

Whether the same rule should apply in the case of defendant may be a query, but in the instant case we think there was too much difference in the situation when the two floods occurred to allow the testimony. The accident was in May following a storm of an hour or two, when there was no snow on the ground. The flood in March, 1914, followed a storm of much longer duration, when some snow was still on the hillsides. In May, 1912, there was a box 16 inches square under the walk to take off the surplus water, while in March, 1914, the opening was a 12-inch tile, and there were also other differences which appear in the record. See *Linn* v. *Gilman*, 46 Mich. 628 (10 N. W. 46), and cases

cited therein; *Patrick* v. *Howard,* 47 Mich. 45 (10 N. W. 71).

The inquiry should have been directed to the condition in 1912, as to which was the proximate cause of the accident. Was it a defective walk or was it the flood?

Judgment is reversed and a new trial ordered, with costs to the plaintiff.

KUHN, C. J., and STONE, OSTRANDER, BIRD, STEERE, BROOKE, and FELLOWS, JJ., concurred.