ABNER DAVIS, et. al. vs. ALFRED W. WEYBURN AND GEORGE WEYBURN.

Where a sheriff makes an evasive return on an execution, so that the plaintiffs can not safely proceed against him in an action for a false return, he will be required to perfect his return according to the facts of the case, even though the time for bringing an action by statute has expired since the date of the return. The execution itself having been returned and filed within a few months.

*Motion by plaintiffs for an order requiring a late sheriff to make a farther return to an execution, according to the truth of the case.*—Judgment was recovered in this cause October 16, 1837, for $1976·88, damages and costs. On or about the same day, a testatum fi. fa. was issued thereon to the sheriff of Chemung, where defendants then resided. The plaintiffs received from said sheriff, for moneys collected on said fi. fa., $550 only, leaving the balance of the judgment unpaid. Plaintiff's attorney ruled the sheriff to return the fi. fa., and on the 14th of December last the sheriff returned the same, with a return endorsed thereon as follows : " (Title of the cause,) fi. fa. Dutcher & Harris, attorneys. Levy $1976·88 and interest from the 16th of October, 1837. Sheriff fees, &c. Levied October 22d, 1837: one brown mare, one sorrel horse, and two-horse harness and wagon, and three cows, now in possession of George Weyburn ; also one pleasure buggy-wagon and harness, and two horse wagon and harness, now in possession of A. W. Weyburn: and two cast-iron plows, and two iron tooth drags, and on all their right and interest of both the defendants in and to all their real estate in the town of Southport ; levied October the 22d, 1837. John Jackson, sheriff, by E. B. Tuthill, deputy. A general levy on all the defendant's personal property that is liable to execution. I sold the personal property specified in the annexed levy, and made the sum of six hundred and twenty-eight dollars and eighty-three cents, deposited the money in the Chemung Canal Bank, and sent the plaintiff a certificate of the deposit of the same July the 27th, 1838. The real estate of the defendants I advertised for sale, notified the plaintiffs of the day of sale, they did not attend, and offered the same for sale on the day and hour appointed, but could not get any bidders, the said real estate being encumbered by an older judgment for more than its value. Dated September the 10th, 1838. John Jackson, sheriff, by E· B. Tuthill, deputy." The plaintiffs alleged that they were desirous of bringing, and intended to bring, an action against the sheriff for a false return, for not levying and collecting the full amount of the execution ; and that they could not safely proceed against him on the return made by him to said execution, on account of the evasive and uncertain character of said return; and they moved that the sheriff make a further return, that the defendants had no goods or chattels, lands or tenements in his

bailiwick, whereof he could levy or collect the balance of the said execution, or any part thereof ; or otherwise, according to the truth of the case. The sheriff opposed the motion on the ground, that the plaintiffs ought not to compel a return after the time of bringing an action had expired.

Ira Harris, *Plff's Counsel.*                    Ira Harris, *Plff's Atty.*

C. Stevens, *Sheriff's Counsel.*            A. K. Gregg, *Sheriff's Atty.*

Bronson, Chief Justice.—Held that the sheriff, having undertaken to make a return, must perfect it.

*Decision.*—Motion granted.