## The People v. Frank Baumann.

*Keeping open saloon on a legal holiday.*

1. A complaint and warrant for selling liquor on a legal holiday were *held* sufficient where they set forth that on the date specified the respondent, "being then and there a keeper of a saloon in said village and the same being a place where spirituous and malt liquors are sold at retail, and the said 4th of July, A. D, 1882, being a legal holiday, did not keep the said saloon closed, and did then and there on the said 4th day of July, A. D. 1882, a legal holiday, keep the said saloon open for the purpose of selling spirituous and malt liquors at retail therein, the said [respondent] not being then and there a druggist nor a person whose business consists in whole or in part of the sale of drugs and medicines " etc.

2. The presence upon jury of talesmen over sixty years old is not ground for challenge to the array, but will sustain a challenge for cause, as the only persons qualified for talesmen are those who are not exempt from jury duty. How. St. § 7555.

3. Upon a prosecution for keeping a saloon open testimony that the saloon was open on a certain day and identifying respondent as keeper of the saloon and as keeping liquor and being about the building though the bar-tender was in charge, is enough to go to the jury upon the main charge.

4. In identifying the proprietor of a saloon it was *held* proper to ask a witness as to the contents of a license card which he testified he had seen in the saloon.

Error to Kalamazoo. (Mills, J.) Jan. 30.—Feb. 6.

Complaint for keeping saloon open on a legal holiday. Respondent brings error. Affirmed.

*Howard & Roos* and *Edwin M. Irish* for respondent appellant.

Attorney General *Jacob J. Van Riper* for the People.

SHERWOOD, J. The defendant was arrested and tried in justice's court on a complaint and warrant[1] charging him with keeping his saloon open on the 4th day of July, 1882, in Kalamazoo, contrary to How. Stat. § 2274. He was convicted on a trial had before a jury, and on certiorari to the circuit court the judgment was affirmed by Judge Mills, and the case is now brought here for review, the respondent relying upon the same errors for reversal as at the circuit.

It is alleged for error that the complaint and warrant charge no offense. No particular defect is pointed out. We think they both sufficiently comply with the statute, and that the judgment was not without jurisdiction, as claimed by counsel for defendant.

In obtaining the jury in the case, three talesmen were summoned. Of these, two were over sixty years of age, and upon that ground defendant challenged the array. The challenge was overruled, and this ruling is alleged as

[1] *State of Michigan, County of Kalamazoo—ss:* The complaint and examination, on oath and in writing, of Chauncey Gates, taken and made before me, Isaac N. Wattles, a justice of the peace in said county, upon the 14th day of July, A. D. 1882, who, being duly sworn, says that he has just cause to believe, and does believe, heretofore, to-wit, on the 4th day of July, A. D. 1882, at the village of Kalamazoo and in the county aforesaid, one Frank Baumann, being then and there a keeper of a saloon in said village, and the same being a place where spirituous and malt liquors are sold at retail, and the said 4th of July, A. D. 1882, being a legal holiday, did not keep the said saloon closed, and did then and there on the said 4th day of July, A. D. 1882, a legal holiday, keep the said saloon open for the purpose of selling spirituous and malt liquors at retail therein, and the said Frank Baumann not being then and there a druggist, nor a person whose business consists in whole or in part of the sale of drugs and medicines, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the people of the State of Michigan; wherefore the said Chauncey Gates prays that the said Frank Baumann may be apprehended and held to answer this complaint, and further dealt with in relation to the same as law and justice may require.                    CHAUNCEY GATES.

Taken, subscribed and sworn to before me the day and year first above written.                    ISAAC N. WATTLES,
                                        Justice of the Peace.

error. The ground taken was good challenge for cause but not to the array. It is also insisted that there was no evidence to go to the jury that the defendant "kept open any place where liquor was sold on the 4th day of July, 1882." Mr. Gates, the marshal of the village, was sworn and testified on his direct examination that the defendant kept a saloon on that day on Main street, and that he kept whisky, beer and liquors of different kinds; on his cross-examination he said he knew defendant was keeping the saloon on the 4th of July, 1882; that he saw Baumann around there that day, in the front part of the saloon where cigars and tobacco were kept, but not in the part where liquors were sold. On the re-direct examination he said that the doors of the saloon were open and he saw a good many men going in and out of the saloon that day; that the front doors of the saloon were open.

Theodore Merrill testified in substance that he knew defendant and his business July 4, 1882. He kept a saloon

*State of Michigan, County of Kalamazoo—ss:*

To the *Sheriff or Constable of any County, Greeting:* Whereas, Chauncey Gates hath this day made a complaint in writing and on oath to me, Isaac N. Wattles, a justice of the peace in and for said county, that he has just cause to believe, and does believe, heretofore, to-wit, on the 4th day of July, A. D. 1882, at the village of Kalamazoo, in the county aforesaid, one Frank Baumann, being then and there a keeper of a saloon in said village, and the same being a place where spirituous and malt liquors are sold at retail, and the said 4th of July, A. D. 1882, being a legal holiday, did not keep the said saloon closed, and did then and there on the said 4th of July, A. D. 1882, a legal holiday, keep the said saloon open for the purpose of selling spirituous and malt liquors at retail therein, and the said Frank Baumann not being then and there a druggist nor a person whose business consists in whole or in part of the sale of drugs and medicines, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the people of the State of Michigan. And, whereas, on examination, on oath of the said Chauncey Gates and two other persons by me, the said justice of the peace, it appears to me, the said justice of the peace, that said offense has been committed, and there is just cause to suspect the said Frank Baumann to have been guilty thereof; therefore, in the name of the people of the State of Michigan, you, and each of you, are hereby commanded forthwith to arrest the said Frank Baumann and bring him before me, the said justice of the peace, to be dealt with according to law.

Given under my hand and seal, at the village and township of Kalamazoo, in said county, on the 14th day of July, A. D. 1882.

ISAAC N. WATTLES [L. s.]
Justice of the Peace.

on Main street. Baumann told Mr. Knappen that he was proprietor of the saloon. Witness was in the saloon on that day two or three times. Saw a large number of persons in the saloon standing around the bar drinking liquor which in his judgment was beer and whiskey. That defendant's bartender was behind the bar selling it. W. W. Peck testified he was internal revenue collector and had his office in same building; knew respondent's saloon and that he kept it open on July 4, 1882, and saw men going in and out of it frequently on that day.

All this evidence was given and no evidence was offered to contradict it. This testimony shows no ground for the objection that there was no evidence showing defendant kept his saloon open on the 4th day of July as charged in the complaint.

Witness Merrill, for the purpose of showing that the respondent was proprietor of the saloon, was asked if he saw a license card in the saloon on that day and what it contained. This was objected to as irrelevant and immaterial. We think the objection properly overruled. For the purpose stated the testimony was proper.

Several other objections were taken and urged, but we think none of them tenable, and that they need no further consideration.

The judgment must be affirmed with costs.

The other Justices concurred.