### The People v. Charles Rawn.

*Jurors—Exemption from service—Challenge for cause.*

1. A juror is not subject to a challenge for cause because he is over 60 years of age, and therefore exempt from jury duty under How. Stat. § 7571, the right to claim such exemption being a personal privilege of the juror.

2. This question was not before the Court in *People v. Baumann,* 52 Mich. 584, and what was there said on the point must be regarded as *dictum.*

Exceptions before judgment from Dickinson. (Stone, J.) Argued February 10, 1892. Decided February 19, 1892.

Respondent was convicted of assault. Conviction affirmed, and court advised to proceed to judgment. The facts are stated in the opinion.

*E. A. Woodward* (*R. C. Flannigan,* of counsel), for respondent.

*A. A. Ellis,* Attorney General, and *A. C. Cook,* Prosecuting Attorney, for the people.

McGRATH, J. In this case the sole question presented is whether one summoned as a juror, but exempt from

service because over 60 years of age, is, by reason of such exemption, subject to challenge for cause.

We are of opinion that he is not, but that the right to claim the exemption is personal to the juror. In *People v. Baumann*, 52 Mich. 584, the question was not before the Court, and what was there said on the point must be regarded as *dictum*.

How. Stat. § 7571, exempts certain persons from jury service[1], and the next section provides that—

"The court to which any person shall be returned as a juror shall excuse such juror from serving at such court whenever it shall appear:

"1. That he is exempt from serving on juries by the provisions of the preceding section; or—

"2. That he is a practicing physician or surgeon, and has patients requiring his attention; or—

"3. That he is a justice of the peace, or executes any other civil office, the duties of which are, at the time, inconsistent with his attendance as a juror; or—

"4. That he is a teacher of any school, actually employed and serving as such; or—

"5. When, for any other reason, the interests of the public, or of the individual juror, will be materially injured by such attendance, or his own health, or that of any member of his family, requires his absence from such court."

From the reading of the last section it is clear that the court is called upon to act only when the exempted person or other person embraced in section 7572 claims his privilege. The last-named section embraces persons not included in section 7571, and not exempt, but who may be so circumstanced that they may claim the right to be excused under section 7572.

Blackstone, in his Commentaries (volume 3, p. 364), referring to challenges for cause, says:

"Besides these challenges, which are exceptions against

---

[1] Among those thus exempted are "all persons more than 60 years of age."

the fitness of jurors, and whereby they may be excluded from serving, there are also other causes, to be made use of by the jurors themselves, which are matter of exemption, whereby their service is excused, and not excluded."

The word "exemption" is defined as an "immunity;" a "privilege." A person exempt is one freed or released from some duty, but he is not necessarily disqualified. As is said in one of the cases cited below:

"By force of the term 'exempted,' we understand the party, without the exemption, would be liable to perform the duty. A person disqualified, and therefore incompetent and incapable, cannot be exempted from a duty or service when the law imposes no such duty or service upon him."

In *Green v. State*, 59 Md. 123, 128, the court say:

"In exempting persons over 70 years, the law makes a concession of immunity to them, in view of their age, and relieves them from duties so long borne and discharged. It cannot be supposed that the legislature deemed such persons lacking in the qualifications of jurors. They may occupy, after that age, any of the offices of the government, and at that age their judgments may be supposed to be more mature."

See, also, *State v. Forshner*, 43 N. H. 89; *Moore v. Cass*, 10 Kan. 288; *Davison v. People*, 90 Ill. 221; *Breeding v. State*, 11 Tex. 257; *Booth v. Com.*, 16 Grat. 519; *Murphy v. People*, 37 Ill. 447; *State v. Miller*, 2 Blackf. 35; *State v. Quimby*, 51 Me. 395; *State v. Adams*, 20 Iowa, 486; *Munroe v. Brigham*, 19 Pick. 368; *Glassinger v. State*, 24 Ohio St. 206; 1 Green, Pr. 562; 1 Bish. Crim. Proc. §§ 853, 926; Thomp. Trials, § 11; 12 Amer. & Eng. Enc. Law, 326, 327.

The conviction must therefore be affirmed, and the court below is advised to proceed to judgment.

The other Justices concurred.