HAMMET LUEBE v. JULIA A. THORPE.

*Married woman—Liability on contract made with husband as her agent—Jury—Challenge for cause—Error without prejudice.*

1. A married woman is liable for services rendered for her under an agreement made with her husband as her authorized agent.

:2. While the fact that a juror is over the statutory age is not a ground for challenge for cause (*People v. Rawn*, 90 Mich. 377), the action of the circuit judge in excusing such a juror is not prejudicial error where it does not appear that there were not remaining a sufficient number of jurors of the regular panel to form a jury to try the case, or that the party complaining of such action had any ground of objection to any of the jurors who sat in the case, or that he had exhausted his peremptory challenges; citing *Mining Co. v. Johnston*, 23 Mich. 39; *Booming Co. v. Jarvis*, 30 Id. 308; *McGrail v. City of Kalamazoo*, 94 Id. 52.

Error to Shiawassee. (Newton, J.) Argued December 1, 1892. Decided December 22, 1892.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*Selden S. Miner,* for appellant.

*A. L. Chandler,* for plaintiff.

MONTGOMERY, J. Plaintiff recovered a judgment against the defendant, a married woman, for pasturing a horse and a colt, and for fruit and grain gathered by defendant on a farm which plaintiff was occupying as lessee, and for work done in plowing garden, and similar services.

The testimony showed that the original leasing to the plaintiff was by Thomas Thorpe, the defendant's husband, but that on November 9, 1889, Thomas Thorpe deeded the land to the defendant. The plaintiff also offered testimony tending to show that defendant had testified in other proceedings that Thomas Thorpe was, in whatever he did in regard to the premises, acting as her agent. It appeared that Thomas Thorpe turned the horse into pasture, and that the services for which recovery was had were rendered at his request, but without any express agreement to pay. The defendant offered no testimony whatever to dispute plaintiff.

The circuit judge charged the jury as follows:

"If the jury find from the evidence that the work done, and the goods and materials, and pasture and produce, were furnished to Julia A. Thorpe, and that she has received the same, after November 9, 1889, under such circumstances that it would be inequitable for her to receive the same without paying therefor, then the plaintiff would be entitled to recover therefor what such work, goods, materials, and pasture are reasonably worth, giving her credit for any and all the credits that plaintiff received in money or property, or other credits, from her husband during that time,—that is, from November 9, 1889, when she got the deed. * * * * *·

"On the part of this defendant in this case I charge you that if the jury find that the farm was rented by

Thomas Thorpe to plaintiff, and plaintiff did his dealings with Thomas Thorpe, and charged his account to Thomas Thorpe and gave him the credit, he cannot recover against the defendant in this case. There is nothing in this case to show that Thomas Thorpe was her agent in renting the farm in question, or in employing the plaintiff to work on the farm in 1889.

"I charge you further, in that connection, that if you find that after November 9, 1889, after she took the deed, the work, pasturage, and labor were done on the farm, and that grain and other material were furnished by the plaintiff under his lease of the farm by her husband while he was the owner, and to which contract or lease she succeeded by becoming owner of the farm, November 9, 1889, she would be liable for any balance of the account that occurred after November 9, 1889, but not before, and credit her with any sums of money, or other crops or property, that may have been paid by her husband, or received by the plaintiff in produce or other things, after November 9, 1889, unless you should find that the pasturing and wintering of the stock after November 9, 1889, was done under an individual contract with Thomas Thorpe, —that he gave him the credit, and did not give the credit to the defendant in this suit,—in which case plaintiff could not recover; that is, an express contract made with Thomas Thorpe, and the credit was given to him notwithstanding the wife had succeeded to his rights, if he did not look to the defendant in such case, plaintiff could not recover, and your verdict should be for the defendant in the case."

We think the charge covered the law of the case. If the services were in fact rendered to the defendant, and Thomas Thorpe was acting as her agent, there is no reason why she should be treated with greater favor than an unmarried woman under precisely the same circumstances. If there had been an express contract with Thomas Thorpe as principal, there could be no recovery, as the circuit judge charged the jury, and as was held by this Court in *Newcomb v. Andrews,* 41 Mich. 518; *Willard v. Magoon,* 30 Id. 273; *Morrison v. Berry,* 42 Id. 393. But in this case the question of liability turned upon the identity of

the principal, and the testimony tended to show the defendant to have been the principal, and the services to have been rendered for her. In the cases cited the credit was expressly given to the husband on a contract made by him in his individual capacity, and not as agent. In the present case he was acting as agent only. It is to be noted that this action is not brought upon the lease, but for and on account of dealings outside of the lease, and, as before stated, the question was with whom, in fact, the plaintiff dealt.

The second assignment of error relates to the action of the circuit judge in excusing a juror on the ground that he was over 60 years of age. This ruling was based upon the *dictum* in *People v. Baumann,* 52 Mich. 584. It has since been held by this Court that the age of the juror is not a ground for challenge for cause. *People v. Rawn,* 90 Mich. 377. It does not follow, however, that the act of the circuit judge in excusing the juror was prejudicial to the defendant. It does not appear that there were not remaining a sufficient number of jurors of the regular panel to form a jury to try this case, nor does it appear that the defendant had any ground of objection to any of those who actually sat in the case, or that she had exhausted her peremptory challenges.

In *Atlas Mining Co. v. Johnston,* 23 Mich. 39, it was said:

" Though it would be ground of error for the court to admit a juror who is challenged and ought to have been rejected, it is no ground of error for the court to be more cautious and strict in securing an impartial jury than the law actually required; and for this purpose the court may very properly reject a juror on a ground which would not be strictly sufficient to sustain a challenge for cause, or, in other words, when the refusal to sustain the challenge would not constitute error. So long as an impartial jury is obtained, neither party has a right to complain of this course by the court, and especially when, as in this case,

no objection was taken by either party to the competency or impartiality of the jury which was obtained."

See, also, *Grand Rapids Booming Co. v. Jarvis*, 30 Mich. 308; *McGrail v. City of Kalamazoo, ante*, 52.

The other objections do not require special consideration. Some objections, were made to the pleadings, but we think them without force; nor was there any prejudicial error in the remarks of counsel which were complained of.

The judgment will be affirmed, with costs.

The other Justices concurred.