FLYNN *v.* KALAMAZOO CIRCUIT JUDGE.

1. SALES ON EXECUTION — SHERIFF'S RETURN — CONCLUSIVENESS— AMENDMENT.
    A party dissatisfied with the sheriff's return to an execution should ask for an amendment, and, not having done so, cannot dispute the return on a motion to vacate a sale under the writ.

2. SAME—HOMESTEAD—QUALIFICATIONS OF APPRAISERS.
    An appraisal of property claimed as a homestead by an execution debtor under 3 Comp. Laws, § 10369, is not invalid because one of the appraisers was over 60 years of age, notwithstanding the provision that such appraisers shall have the qualifications of jurors.

3. SAME—PAYMENT OF EXEMPTION.
    Failure of a sheriff to pay into court the defendant's homestead exemption of $1,500 on an execution sale will not render the sale invalid, as defendant has a remedy against the sheriff by citation or action.

4. SAME—MANDAMUS—PRACTICE.
    Where, on *mandamus* to compel a circuit judge to set aside an execution sale, the papers indicated that the execution was not delivered to the sheriff until after the levy, but the return of the circuit judge showed that such point was not argued before him and not passed upon, *held*, that action on the matter should be deferred until it should have been brought to the attention of the circuit judge, so that the proceeding could be amended if the error was one of fact.

*Mandamus* by Lawrence Flynn to compel John W. Adams, circuit judge of Kalamazoo county, to set aside an execution sale. Submitted February 2, 1904. (Calendar No. 20,349.) Writ denied March 8, 1904.

*William A. Luby*, for relator.

*Osborn & Mills*, for respondent.

MONTGOMERY, J. This is an application for *mandamus*

to review an order of respondent denying a motion made at the circuit to set aside and vacate a sale of real estate. The return of the respondent shows that an execution levy was made upon the property in question, which was treated as the relator's homestead, and, acting under the provisions of section 10369, 3 Comp. Laws, the officer caused an appraisement of the property to be made, which appraisement showed it to be worth $2,350; that, as appears by the return of the officer, the property was advertised for sale, and sold to the highest bidder at the price of $2,300. The relator then appeared and moved to vacate the sale on various grounds.

An effort was made, on the motion before the circuit judge, to contradict the sheriff's return by showing by affidavit that the recitation of the proceedings and doings of the deputy sheriff was untrue. We think in this the relator has mistaken the practice. The sheriff's return was filed before the decision of the circuit judge, and no effort was made to require an amended return, and no amendment to the return was made or asked. We think the proper practice would have been to move to amend the return. While the return stands, it must be deemed conclusive upon the parties.

The relator also contends that the appraisement was invalid for the reason that one of the appraisers was past 60 years of age; the statute requiring that the appraisal shall be made by six persons qualified to act as jurors. The age of this appraiser was not a disqualification. *People v. Rawn*, 90 Mich. 377 (51 N. W. 522).

It is further claimed that the proceeding was irregular because the money realized upon the sale was not paid into court, so that the $1,500, which sum relator was entitled to as exemption, could be withdrawn by him. The failure of the sheriff to comply with the law in this regard did not avoid the sale, but relator's remedy was a proceeding by citation to the sheriff, or an action against him.

It is contended here that the proceedings show that the execution was not delivered to the sheriff until a day sub-

sequent to the levy.   The circuit judge returns that this point was not argued in the court below, and was not passed upon by him.   Had the question been presented, it is possible that an amended return might have corrected the apparent discrepancy.   As the order below was without prejudice, we think, before we are called upon to act in this matter, the relator should bring the matter to the attention of the circuit judge by a new motion, so that, if the error is one of fact, it may be corrected by an amended return.

The writ of *mandamus* will be refused.

The other Justices concurred.