FLYNN v. KALAMAZOO CIRCUIT JUDGE.

SHERIFFS—RETURN—AMENDMENT.
> An amendment to a sheriff's return as to a matter of fact must be made by the sheriff voluntarily, and cannot be compelled by the court.

Mandamus by Lawrence Flynn to compel John W. Adams, circuit judge of Kalamazoo county, to vacate an order denying a motion for an amended return. Submitted October 4, 1904. (Calendar No. 20,634.) Writ denied November 9, 1904.

*William A. Luby,* for relator.

*Osborn & Mills,* for respondent.

HOOKER, J. A judgment having been rendered against the relator in the circuit court for the county of Kalamazoo, an execution was issued. The sheriff returned that he levied the same upon real estate belonging to the execution debtor, had it appraised under the law pertaining to homesteads, and sold it at public auction for $2,300. Relator claimed that this was a false return, and, on a motion to vacate the sale, sought to contradict the return.

This court held that this motion could not prevail in the face of the return standing of record in the case, and it was intimated that a proper practice would be to obtain an amendment of the return. See *Flynn* v. *Kalamazoo Circuit Judge*, 136 Mich. 23. Thereupon the relator filed a motion for an amended return, which was denied by the circuit judge upon the ground that an amendment to a return as to a matter of fact must be made voluntarily, and could not be compelled. The following cases cited by the respondent's counsel seem to sustain the decision:

In the case of *Sawyer* v. *Curtis*, 2 Ashm. 127, decided in 1830, it was held that—

"Where the sheriff has returned his writ 'Executed,' and he does not ask permission to alter or modify his return, the court has no power to do it, and cannot compel him to make any alteration in it as to matter of fact; and the sheriff is responsible for a false return to the party injured."

In *Humphries* v. *Lawson*, 7 Ark. 341, it was held that—

"The circuit court cannot compel a sheriff to amend his return to a writ, nor to return any particular state of facts. He has the privilege of amending, and is responsible for a false return."

See, also, *Boas* v. *Updegrove*, 5 Pa. St. 516.

In *Hewell* v. *Lane*, 53 Cal. 217, the court said:

"We are satisfied, however, that the sheriff cannot be compelled in this manner to contradict his return. He cannot, it is well settled, be compelled by the court to correct his return on file against his will."

In *Wilcox* v. *Moudy*, 89 Ind. 232, it was said that "a sheriff's return to a writ is made on his official responsibility, and he only can afterwards amend it, but it must be on leave. The court cannot compel him to correct it."

In *Washington Mill Co.* v. *Kinnear*, 1 Wash. T. 100, it was held:

"If the return be defective, he may be compelled to perfect it; but, if the record shows the return to be com-

plete and perfect, the party who desires to traverse it is required to bring his action against the sheriff, who, on a proper showing, may be compelled to respond in damages for any injury resulting from a false return.

"It is said in *Clarke* v. *Lyman*, 10 Pick., page 47:

" 'The sheriff and his deputies have great and confidential powers intrusted to them. Their returns on writs and precepts are received as true, and are not to be controverted, except in an action for a false return, and then the falsity must be proved.'

"And in 2 Ashmead, *Sawyer* v. *Curtis*, page 127:

" 'Where the sheriff has returned his writ executed, and he does not ask permission to alter or modify his return, the court has no power to do it, and cannot compel him to make any alteration in it as to matter of fact. The sheriff is responsible for a false return to the party injured.'

"To the same effect, *McBee* v. *State*, 1 Meigs, 122; *Mentz* v. *Hamman*, 5 Whart. 150; *Sample* v. *Coulson*, 9 Watts & S. 62."

See, also, note to case of *Malone* v. *Samuel*, 13 Am. Dec. 173 (3 A. K. Marsh. 350), and authorities there cited. In *Smith* v. *Gaines*, 93 U. S. 343, the Federal Supreme Court said:

"As regards the effort to compel the marshal to amend his return, we think his answer contains a reply which is conclusive. In making that return he acts under a heavy official responsibility. If false, he is liable to plaintiff and to defendant for any damages resulting from it. He must therefore be at liberty to make his own return, subject to that responsibility. Nor do we think his return can be questioned by the sureties. It is declared by the law to be the appropriate evidence of the right to proceed against them. It is an official act. If they had desired him to exercise it otherwise than he did, they might, by showing him property, have possibly rendered him liable for a false return, and, by paying the debt, avail themselves of this liability. But we do not think that either the spirit of the statute or the justice of the case permits an inquiry into the truth of the officer's return in the subsequent proceeding against the sureties. It is analogous to the return of nulla bona, as the foundation of a creditors' bill in chancery, which cannot be questioned."

1904 ]    FLYNN v. KALAMAZOO CIRCUIT JUDGE.    129

Counsel for relator cites several cases said to support his contention, but the most of them fall short of it. See *Stetson* v. *Freeman*, 35 Kan. 530; *Boyer* v. *Lincoln*, 3 Ky. Law Rep. 537.

In *Davis* v. *Weyburn*, 1 How. Prac. 153, it was held that a sheriff could be compelled to perfect an incomplete return. The same was held in *Berry* v. *Griffith*, 2 Har. & G. 343.

Counsel for relator asserts that our former holding was, in effect, a decision that an amendment may be compelled, but we think it contains no such implication. It held merely that without an amendment the relief sought could not be granted.

The writ must be denied.

The other Justices concurred.