BLACK HILLS BREWING COMPANY, Respondent, v. MIDDLE WEST FIRE INSURANCE COMPANY, Appellant.

(140 N. W. 687.)

1. **Trial—Execution—Return—Evidence in Another Action.**

Where, in an action on a claim against an insurance company, claimed to have been purchased by plaintiff at a sale under execution against insured, an alleged record, offered in evidence in the present suit, concerning the amendment of the return to the execution, no ruling upon the motion to amend appearing of record, except by inference from the fact that in the settled record on appeal in the present suit purported uncertified copies of such record were found, and nothing to show that certain further proceedings as to such amendment and an oral ruling thereon were offered in evidence, or that the proposed amended return was filed by sheriff pursuant to such amendatory proceedings, **Held**, that if, as appeared from the record, plaintiff, as part of the trial of its action against the company, moved for correction of said return upon an execution in a different action, the court's ruling allowing such motion was a nullity,

or gross irregularity, and appellant's objection thereto should have been sustained.

**2.   Appeal—Record—Conclusiveness—Estoppel.**

In view of the record, settled without objection on the part of plaintiff, it is estopped from claiming that the motion and ruling thereon, in question, was not made in the present action.

**3.   Scope of Review—Record—Failure to Introduce Evidence.**

Conceding that the proceedings on oral motion, in question, claimed as part of this record, were had in another action, they were not properly part of the record in this action, the record of such proceedings not having been offered in evidence.

**4.   Execution—Sale of Chose in Action—Separate Actions—Evidence of Title.**

Where the original records of an execution sale, offered in evidence to prove plaintiff's title to the chose in action sued on, did not include a subsequent order for amendment by sheriff of his return to the execution,—or, even if the order is deemed made in time to be part of such evidence, it only authorized an amended return; and, it not appearing that any return was made; Held, that the oral ruling on motion to so amend, if treated as an order and as in evidence because made in the jurors' presence, did not show title.

**5.   Execution—Return—Authority to Amend—Court Order.**

A court cannot order an amendment to a return to an execution to be made; it can only authorize the sheriff to make such amendment if he sees fit to do so.

**6.   Execution—Title Under Execution Sale—Necessity of Levy— Notice of Levy—Directing Verdict.**

There can be no valid levy under execution on a chose in action without notice of levy to the debtor; and, there being no proof of such levy, the trial court erred in not directing verdict for defendant, who had no such notice.

(Opinion filed March 31, 1913.   Rehearing denied May 6, 1913.)

Appeal from Circuit Court, Lawrence County.   Hon. Wm. G. Rice, Judge.

Action by the Black Hills Brewing Company against the Middle West Fire Insurance Company, to recover, as assignee, on a chose in action alleged to have been purchased under execution against defendant's creditor.   From a judgment for plaintiff, defendant appeals.   Reversed.

*Herman Winterer, David Ritchie,* and *Stewart & Hodgson,* for Appellant.

It is the contention of the appellant herein that the motion to

amend said return was improperly allowed for the following reasons:

Second: That the proceeding was had in an action entirely foreign, and the notice given to parties other than those interested, and was had for the purpose of making it competent testimony, in the case at bar, it being otherwise competent, and further that to permit the said return to be amended, the rights of the appellant having intervened, would be to the prejudice of this appellant.

Third: The sheriff's return having been filed, it became conclusive, and this appellant had the right to rely thereon.

Fourth: That no service of notice of levy or of the writ has been had as provided by the statute controlling in such case.

No service of the order to show cause has ever been served upon the judgment debtor. On the other hand the matter was brought up in connection with the action at bar, and as a part of the said action. The sheriff's return as originally filed did not show that the claim in question has been levied upon, or that an attempted levy had been sought. On the other hand it is entirely silent as to service of any kind. On the call of the said case the matter was taken up and the plaintiff permitted to have the said return amended. It is our contention first, that the said matter was not properly before the court, and secondly that in this action it was prejudicial to the rights of the defendant and appellant herein to permit such return to be made. It cannot be disputed that the defendant had a right to depend upon the return as made by the sheriff. It was made under instructions given by the plaintiff therein, the plaintiff in that action being the same as in this was bound by the said return and the return was there made conclusive of the acts alleged to have been done. The said return did not show that any service had been had upon the Middle West, Fire Insurance company, or that any had been attempted.

The insurance company then having the right to depend upon the return as made by the sheriff, and the said return not showing that a levy had been made or attempted, had a right to proceed in the matter as it saw fit. Having gained this right, it would be prejudicial to its rights to permit the plaintiff to have the return so amended as to cover this claim. Clayton v. State, 24 Ark. 16; Newhall v. Provost, 6 Cal. 85; Ohio Life Ins. Co. v. Urbana Ins. Co., 13 Ohio 220; 17 Cyc. 133; Ireland v. Adair, 12

N. D. 29, 94 N. W. 766; Wood v. Conrad, (S. D.) 50 N. W. 903.

The court erred in overruling defendant's objection to the plaintiff's offer in evidence of the original records upon sale under execution in the case of Black Hills Brewing Company, a corporation, versus John Giljevich and Katie Giljevich, defendants. Suffice it to say that we contend that the exhibit was not competent for the reasons hereinbefore given. If no valid levy was made, then no lien attached.

The court erred in denying defendant's motion for directed verdict made upon the close of the plaintiff's direct case. (Transcript of Record, pages 30-31).

The reasons assigned upon the asking for a directed verdict are those which apply to the specification of error, as the reasons there assigned apply with equal specifications to the court's attention we invite its study of the argument made upon the first specification of error.

The court erred in denying defendant's motion for directed verdict at the close of said case. (Transcript of Record, pages 79, 80, 81).

In discussing this question we will again refer the court to the argument made under the first specification of error, for that applies with equal force to this subject.

There is, however, a further question raised under this motion as overruled by the court to which we wish to call attention. That is the following reason assigned why directed verdict should have been entered, "And, upon the further ground and for the reason that the testimony affirmatively shows that the plaintiff has failed to establish a cause of action herein."

*Norman T. Mason,* and *Eben W. Martin,* for Respondent.

Appellant's objection to the amendment of the sheriff's return is not involved on this appeal.

Respondent insists that this objection cannot be urged on this appeal for the reason that the order allowing the amendment to the sheriff's return was made in the case of the Black Hills Brewing Co. v. John Giljevich; and the present appeal is not taken from that order, but was taken in an entirely different action between different parties, viz.: Black Hills Brewing Company v.

Middle West Fire Insurance Company, consequently, unless the order permitting the amendment was void, it cannot be attacked by appellant in this proceeding. If it is merely erroneous, embodying a mistaken exercise of judicial power, the error cannot be corrected by a decision in the case at bar.

But the appellant does not urge that the order allowing the amendment is void, or that it is capable of collateral attack in another action; all its objections, excepting the first, go to the regularity, or the propriety, or the rightfulness of the action of the lower court.

A valid levy was actually made and is shown by the sheriff's return.

The statute does not require a certified copy of the warrant of attachment and notice to be served upon the execution or attachment defendant; but that it only requires it to be left "with the president or other head of the association or corporation or the secretary, cashier or managing director thereof," (that is, of the corporation whose rights or shares are sought to be attached); "or with the debtor or individual holding or occupying such property;" (that is, the property sought to be attached). To attach a debt or chose in action it is not necessary under this section to leave a copy of the attachment and notice with the attachment defendant, as assumed by appellant, but only with the debtor or person holding or occupying the property attached; that is, in this case, with the Middle West Fire Insurance Co. Ireland v. Adair, 12 N. D. 29, 94 N. W. 766.

But in the case at bar a copy of the execution and notice was served upon the debtor or individual holding or occuying the attached property, i. e., upon the Middle West Fire Insurance Company; and it was not necessary to serve a copy upon the execution defendant, John Giljevich, although a notice was served upon the attorney of the latter in accordance with Rev. Code Civ. Proc. section 360, for the purpose of enabling the debtor to claim his exemptions.

WHITING, P. J. One Giljevich was the owner of a house and contents, situated in Lawrence county and insured in the Middle West Fire Insurance Company, defendant and appellant herein. The insured property was destroyed by fire during the lifetime of the policy, and an action was thereafter brought by

Giljevich against the insurance company to recover upon such policy. Giljevich and wife were indebted to the Black Hills Brewing Company, plaintiff and respondent herein, and, such indebtedness remaining unpaid, the said brewing company brought an action and recovered a judgment in the circuit court of Lawrence county against said Giljevich and wife upon the 18th day of February, A. D. 1911, at which time the action brought by Giljevich against the insurance company was still pending. The brewing company took out execution upon its judgment, and claims to have levied the same upon the property of said Giljevich, including, among other property, the claim held by Giljevich, under such policy, against the insurance company. Claiming to be the owners of the right of action or claim under such policy, under and by virtue of an execution sale had upon such execution issued upon its judgment against Giljevich and wife, the brewing company brought this action against the insurance company to recover the amount of the loss which, it is claimed, was covered by the policy of insurance. This action was brought on for trial on February 28, 1912, and upon said day verdict was returned therein in favor of the plaintiff. Judgment was entered upon said verdict, and it is from such judgment that this appeal is taken.

The assignments of error preserved by the record herein present several questions; but we find it unnecessary, and believe it will serve no useful purpose, for us to consider any assignments other than those questioning plaintiff's title to said chose in action and saving objections to the evidence offered in support of such title. Upon the opening of the trial of this cause, as appears by the stenographer's transcript forming a part of the record herein, the following proceedings appear to have taken place: "Moved by plaintiff that, in the case of Black Hills Brewing Company, a corporation, Plaintiff, v. John Giljevich and Katie Giljevich, Defendants, that the sheriff's return upon execution issued in said cause should be amended to read as follows and have incorporated therein the following words: 'That the claim for loss by fire held by the defendant herein against the Middle West Fire Insurance Company in the amount of $800, upon which suit is now pending in said court in Lawrence county,' *which motion is annexed hereto and made a part of this transcript,* to the allowance of which said motion defendant objects." The underscoring is

ours. It is perfectly clear that the underscored words, which appear interlined in the settled record, could not have been used by counsel in making his motion, as no transcript was then in existence. We are at a loss to know what is intended by these words, unless they refer to an "Order to Show Cause," which had been issued in the case wherein execution had been returned, which order to show cause afterwards, during the proceedings upon the trial of this case, appears to have, in some manner, become a part of the record herein. Following the above motion are specific objections interposed by the defendant. Defendant objected, upon the ground that the allowance of said motion was incompetent, irrelevant, and immaterial; that its allowance in an action in which this defendant was not a party would be prejudicial to the rights of defendant; that no notice of the amendment had been given or served upon the defendant Giljevich; that no notice of such levy was in fact served upon the defendant herein to-wit, the insurance company. The transcript herein shows that these objections were overruled, exception taken and allowed. There is no record that at that time any order was made allowing the amendment; furthermore, an examination of the original return shows that, if the same were attempted to be amended by inserting therein the words quoted above, the same could not have been inserted at any place therein so as to make any sense, and the return would still fail absolutely in showing that any notice of levy was served upon the insurance company.

Following the record of the above motion and ruling thereon, the record then states: "Plaintiff now offers in evidence the original records had upon the sale upon execution in the case of Black Hills Brewing Company v. John Giljevich et al." Defendants objected to this offer upon all the grounds stated in its objection to the allowance of the amended sheriff's return. The record does not show any ruling upon this objection, nor any ruling admitting or rejecting the evidence offered. Attached to and forming a part of the original record sent up from the trial court are certain papers purporting to be copies of part of the proceedings in the case of the brewing company against Giljevich. These papers are in no manner certified to as copies of such papers; nor are they marked as exhibits. They would appear to be copies of the following: Affidavit of default; judgment; sheriff's return on ex-

ecution; order to show cause, dated February 20, 1912, directed to the defendant Giljevich and to the insurance company, directing such parties to show cause, on February 27, 1912, why the sheriff of Lawrence county should not be permitted to amend his return upon the execution in accordance with a certain proposed amendment thereto attached; and an affidavit wherein the affiant claims to have been deputy sheriff and to have levied upon the chose in action, the subject-matter of the present action, and claims to have served upon the general agents of the insurance company at Lead, S. D., on the 24th day of February, 1911, a certified copy of the execution in said action, together with a notice notifying said company that, as such deputy sheriff, he levied upon "a claim for loss by fire held by the defendants herein against the Middle West Fire Insurance Company to the amount of $800, upon which suit is now pending in the circuit court of Lawrence county," and also claims that, through oversight, he failed to incorporate a notation of such "action and levy" in the return which was made and filed herein. The proposed amended return sets forth that, on February 24, 1911, notice of a levy upon the claim in question was served upon the said insurance company. This proposed amended return is dated February 27, 1912, but the order to show cause, together with the affidavit and proposed amended return, were originally filed in the office of the clerk of courts on February 20, 1912, and were served upon the attorneys for the insurance company on February 23, 1912. There is no order of any kind attached to these papers showing any ruling by the court upon such order to show cause; but there appears, among the papers forming the record sent up from the lower court in this action, what purports to be a copy of an order of the circuit court, made in the action of the brewing company against Giljevich, which order, after reciting, "This matter coming on to be heard upon the order to show cause heretofore issued upon the application of the sheriff to amend his return upon the execution issued herein, which order to show cause was returnable * * * on February 27, 1912, the same having been duly postponed until February 28, 1912, the Middle West Fire Insurance Company appeared by its attorney * * * and objecting to the allowance of said amendment, but offering no evidence or affidavit in support of said objections," further recites: "Ordered that the said

amendment, as attached to said order to show cause, be and the same is hereby allowed; and it is further ordered that the said proposed· amendment attached to said order to show cause be filed by the clerk herein and be taken and considered as the sheriff's amended return upon execution herein, heretofore made and filed with said execution. Done in open court at Deadwood, S. D., this 4th day of·March, 1912." The above order was filed on March 4, 1912.

[1, 2] Appellant assigns as error the ruling of the trial court, made upon the trial of this action, overruling his objections to the allowance, of the amendment to the sheriff's return. The respondent contends that such ruling cannot be considered upon this appeal, for the reason, as claimed by respondent, that said ruling was one not made *in this action*, but one made in the action wherein the brewing company was plaintiff and Giljevich et al. were defendants. We think it is too clear for discussion that, if, as appears upon the face of the record herein, the brewing company did, upon and as a part of the trial of the action now before us upon appeal, move the circuit court of Lawrence county to allow the correction of the sheriff's return upon an execution issued upon a judgment entered in an entirely separate and distinct action, such circuit court's action was a nullity. If not a nullity, it was such a gross irregularity that appellant had a right to object thereto, and his objection should have been sustained. Moreover, in view of the settled record herein—settled without any objection on respondent's part—respondent is foreclosed from claiming that the motion in question was not made in this action, and that the ruling thereon was not made in this action.

[3] But if, in the face of the record herein, we were justified in considering that the motion was taken and received by all parties as a motion in the action between the brewing company and Giljevich et al., and that such proceedings were of the same effect as though the court had, by an order made in this action, continued the same for the purposes of hearing and determining the motion in the other action, which would seem to be the contention of the respondent, then such motion and the ruling thereon have no proper place whatsoever in the record of the action now before us, as the record of such oral proceedings was never offered in evidence in this action; the only method by which the proceedings

in the other action could get into the record in the pending ac-, tion was by respondent, after it had had the sheriff's return amended to then offer in evidence, as exhibits, the execution and return, together with such amended return.

[4] Respondent, recognizing the proper procedure, did, after making the oral motion above referred to, offer in evidence the original files in the other action.    These were . objected to, and there is nothing to show whether the court overruled the objections and admitted the files, or sustained the objection and excluded such files, except as a ruling admitting them may be inferred from the fact that purported copies thereof are founded in the settled record herein.    It will be noticed that the offer was of the "original records had upon the sale upon execution in the case of Black Hills Brewing Company v. John Giljevich et al."    The original records in existence on February 28, 1912, did not include the order of March 4, 1912, the order allowing the amendment to the return, as this order did not come into existence until several days after the close of the trial from which this appeal is taken.    Until such an order was made, the sheriff had no authority to amend his return; and therefore it conclusively appears that, prior to March 4, 1912, there was in existence no record evidence that notice of the levy had been given to appellant, and therefore no evidence that title to the cause of action had passed to respondent.

[5] It will not do for the respondent to claim that the ruling made by the circuit judge upon respondent's oral motion (even if such ruling could be held as an order allowing an amendment to the return) was in evidence in this case, basing such contention upon the fact that, though made in another action, it was made in the presence and hearing of the jury in this action, because, even if an order, other than one in writing, could have any validity whatsoever as an order allowing an amendment to a return (upon which question we do not feel called upon to pass); at the most it was but an order made upon a motion asking that the sheriff be allowed to amend his return, which is certainly not the equivalent of an actual amendment of the return; it being well settled that a court cannot *order* an amendment to be made, but can only authorize one to be made.    Flynn v. Kalamazoo Circuit Judge, 138 Mich. 126, 101 N. W. 222, 4 Ann. Cas. 1167; Freeman on Executions, § 358, p. 2037.    It therefore remained for the

sheriff, after permission granted by the court, to make the amendment, if he saw fit. The proposed amendment attached to the order to show cause could only become, in fact, an amendment by its filing as such after an order authorizing same, and no "Amended Return" was filed after and pursuant to the oral ruling of the court. In this case, until March 4, 1912, the circuit court did not, in fact, make any order, either oral or written, allowing an amendment; the only order it appears ever to have made was the written order made subsequent to the close of the trial of this action. Even if such order had been made in time, there would still be wanting any amended return made under the authority of such order.

[6] It follows, from the facts appearing beyond dispute herein, that, upon the evidence offered by the respondent to prove its title to the chose in action, there was no proof of any levy upon such chose in action, as it is clear, under authority and reason, and, as we read respondent's brief, stands conceded by respondent, that no valid levy could be made upon the chose in action without notice to the debtor party, which in this case was the appellant. Ireland v. Adair, 12 N. D. 29, 94 N. W. 766, 102 Am. St. Rep. 561; Freeman on Executions, § 262a. Without a levy there could be no valid sale. Appellant asked the court to direct a verdict for the reason: "That it appears affirmatively from the testimony herein that the said plaintiff is not the owner of any claim against said company incurred by reason of loss by fire, * * * in that it appears that no sale was had or levy made upon said claim; the sheriff's return, being the basis for sale, is conclusive of the proceedings of the sheriff, and does not recite or show that an alleged levy was made, or attempted to be made, against any claim Giljevich may have had against this defendant." This motion to direct a verdict was denied and exception taken thereto. In this ruling the trial court was clearly in error for the reasons hereinbefore stated, and for these reasons alone, without considering the other errors assigned, the judgment of the trial court is reversed.