SMALL *v.* NEWAYGO CIRCUIT JUDGE.

1. APPEAL AND ERROR—BOND—AMENDMENT—MOTIONS FOR MANDAMUS.

Where the defendants in a cause filed a defective bond on appeal, not properly executed by the sureties or by all of the joint defendants in the case, and upon motion being made to strike the instrument from the files as insufficient, defendants tendered an amended bond, which conformed to the requirements of law, the trial court should have authorized the filing of the amended instrument under the provisions of 3 Comp. Laws, § 10410, the showing of defendants establishing the fact that an appeal was purposed in good faith.

2. SAME—TIME—EXCEPTIONS.

The objection that the defective bond was not filed within the statutory period of 20 days was not properly before the

court where the bond had not been presented to the trial court and the same was based on the proposition that judgment had been rendered on the 24th day of December, but the record showed, erroneously, that judgment was uttered on the 23d.

Mandamus by Fred L. Small and others against Joseph Barton, circuit judge for the county of Newaygo, to compel respondent to enter an order authorizing relators to file an amended bond on appeal and vacate an order granting the motion to strike the appeal bond from the files. Submitted June 15, 1915. (Calendar No. 26,705.)   Writ granted July 23, 1915.

*Warner, Raudabaugh & Person,* for relators.

*George Luton* and *William J. Branstrom,* for respondent.

On the 23d or 24th day of December, 1914 (upon the question of date the record is not clear), one John McKinley, as plaintiff, secured a judgment against relators herein, as defendants, in the circuit court for the county of Newaygo. Upon the same day an order was made that:

"All proceedings in this cause, except taxation of costs, be stayed for a period of 20 days, and a further period of 60 days upon the filing of a good and sufficient bond, the sureties thereon to justify in twice the amount of the judgment, said bond to be approved by the clerk of this court, for the purpose of moving for a new trial, settling a bill of exceptions or such other steps as counsel may advise."

On the 13th day of January, 1915, relators filed a bond in the penal sum of $2,200, with Thomas Rice, William L. Case, and H. B. Woodward as sureties. The bond was executed by three of the relators in person, and by the other six of the relators by Fred L. Small. The sureties signed the justification underneath the body of the bond, but did not sign the bond

in any other place, though they are named in the body of the bond. The order of December 24th. required said bond to be approved by the clerk of the court. Such approval does not, however, appear anywhere upon the bond, although the record of the circuit court disclosed that it was received by the county clerk on January 13, 1915. On January 16, 1915, plaintiff's costs were taxed in the sum of $413.09. On February 9, 1915, plaintiff moved the court below for an order striking said bond from the files upon the following grounds:

"(1) That on or about the 13th day of January, 1915, a paper writing purporting to be a bond to stay proceedings on judgment in said cause was received by the clerk of said court, which purported bond was signed by only three of said defendants and was not regularly signed by any of the sureties mentioned therein.

"(2) That the said bond was not approved by the circuit judge, nor was any notice of the time and place when same should be presented to circuit judge for approval ever served upon the adverse parties, as is provided by section 10355 of Compiled Laws of 1897.

"(3) That Fred L. Small, one of said defendants, subscribed the names of six of said defendants to said purported bond without any authority from said defendants to do so whatsoever.

"(4) That said purported bond is null and void for want of proper execution, want of proper notice of approval, and as the same remains a part of the record and files in said cause, it is a fraud upon said court, this plaintiff, and said defendants who did not sign same."

Answering said application the attorney for the defendants in said action (relators here) filed the following affidavit:

"Albert G. Day of said county being duly sworn says that he never saw the bond filed to stay proceedings in this case until the evening of February 10, A. D. 1915, but that on the 14th day of January, 1915,

George Luton, one of the attorneys for plaintiff, told affiant that the bond had been filed, and on said 10th day of February, 1915, George Shepard, the clerk of this court, informed affiant that on or about the Monday following the filing of the bond, said George Luton inspected said bond then in the office of said clerk. Affiant further says that no exceptions have been taken to said bond, and the time to take exceptions has expired, as affiant understands the practice, because the plaintiff's attorneys have had more than 10 days after having knowledge of the bond being in the clerk's office to take said exceptions; that he is informed by the stenographers who have the stenographic record of the testimony taken in the case that a copy of the testimony taken in the case has been prepared for the counsel for the defendants at our expense of more than $86. And affiant further says that the judgment rendered in this case is rendered upon a joint and several obligation, and therefore any one or more of the defendants are entitled to appeal from said judgment, without the concurrence of the rest of the defendants, or even against the wishes of the remainder of the defendants, and that the appeal claimed in this case is taken in the utmost good faith and is being prosecuted as fast as possible, and plaintiff's attorney refused this day to stipulate to allow the bond to be amended.

"ALBERT G. DAY.

'Subscribed and sworn to before me February 15, 1915.    JOHN BAILEY,
"Notary Public."

And upon the same day made the following motion:

"Now comes the defendants and ask leave of the court to withdraw the bond mentioned in the affidavit above for the purpose of having the sureties therein mentioned sign the same, and that the bond, when signed by said sureties or others who shall justify, be filed as of the 13th day of January, A. D. 1915."

The motions came on for hearing on the 1st day of March, 1915, and the following order was made:

"It is ordered and adjudged, that the said motion be granted and that the said paper writing purporting to be a bond to stay proceedings on judgment, dated

the 9th day of January, A. D. 1915, be and the same hereby is stricken from the files in said cause and is held for naught, with costs of this motion, including an attorney fee of $10 to be paid by defendants within 30 days from the service of a copy of this order upon said defendants or their attorney."

Relators pray:

"(1) That a writ of mandamus be issued from and out of this court, commanding Joseph Barton, circuit judge of the circuit court for the county of Newaygo, respondent, to set aside the order made in the case of *John McKinley* v. *Fred L. Small, et al.,* on the 1st day of March, 1915, which order was so made striking from the files in said cause the bond filed in the same for a stay of proceedings.

"(2) That should this court deem the bond so filed in said cause insufficient or irregular for any cause that the writ of mandamus to said judge commanding him to grant the prayer of the petitioners and by permitting them to file an amended bond in said cause as of date of the one now on file.

"(3) That an order be made in this cause by this court extending the time for the settlement of a bill of exceptions in said case of *John McKinley* v. *Fred L. Small, et al.*

"(4) That peremptory order be issued out of this court directed to the circuit court for the county of Newaygo in the case of *John McKinley* v. *Fred L. Small,* staying all proceedings in said court and cause until the further order of this court."

BROOKE, C. J. (*after stating the facts*). We find it unnecessary to consider the rather elaborate briefs touching the question as to the validity or invalidity of the bond filed. It is beyond dispute that the relators and their sureties filed the bond in the utmost good faith with the intention of securing to relators the right of appeal from the judgment rendered against them and to secure a stay of proceedings pending such appeal. A motion having been made by relators for leave to withdraw the alleged defective bond and sub-

stitute in its place one properly executed, and such motion being before the court at the time consideration was given to the motion to strike the alleged defective bond from the files, it was the plain duty of the court to have granted the first motion and to have denied the latter. 3 Comp. Laws, §§10409 and 10410.

In this court the claim is made on behalf of respondent that the alleged defective bond was not filed until the twenty-first day after the rendition of judgment. Attorneys for both plaintiff and defendants file affidavits showing that the judgment was rendered on the 24th day of December, while the judgment entry appearing in the record shows that it was rendered on the 23d day of December. The question is of no importance here, as it was not raised in the court below. *Flynn* v. *Circuit Judge,* 136 Mich. 23 (98 N. W. 740).

The writ will issue requiring respondent to vacate said order and to enter an order granting relators 5 days in which to file a properly executed bond with sufficient sureties, and 20 days in addition thereto in which to settle a bill of exceptions.

KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.

The late Justice MCALVAY took no part in this decision.